Mr. Justice Clayton
delivered the opinion of the court.
The only point of difference between this case, and that of Payne, Green Wood v. Baldwin, Vail and Huffy, decided at this term of the court, is that in that case the assignment by the PlantersBank appeare d upon the face of the declaration; in this the transfer is set up and relied on by a flea, puis darrein continuance.
The object of the legislature, in passing the act of 1840, prohibiting the transfer of their bills receivable and evidences of debt by banks, would seem to have been, to enable the debtors of the banks under all circumstances to pay their debts in the notes of the banks. Hence when the suit is in the name of the bank, and ostensibly for its own use, as the judgment may be satisfied by the payment of its own bills, the case would appear not to'fall within the reason of the law. Yet the terms of the act forbid all transfers. Its words are, “ it shall not be lawful for any bank in this state to transfer by indorsement or otherwise, any note, bill receivable, or other evidence of debt; and if it shall appear in evidence, upon the trial of any action, upon any such note, or other evidence of debt, that the same was so transferred, the same shall abate, upon the plea of the defendant.” Acts of 1840, p. 15, sec. 7. This language is too plain to admit of more than one construction, and we cannot refuse to enforce it because the case may not seem to come fully within the mischief intended to be remedied. Upon the trial the plea was sustained by the evidence, and the jury found a verdict for the defendants. A judgment in bar was entered by the court, but according to the act it should have been in abatement.
It is now the settled doctrine, that an act prohibited by astat *28 ute, will not lay the foundation of a suit that can be sustained in a court of law. The penalty annexed to the transgression of this statute is an abatement of the action — what will be the consequence of such abatement, we are not now called on to decide.
It is possible that if another suit be brought, and the same matter be pleaded, that a replication that there had been a re-transfer of the instrument to the bank, would enable it to maintain the action. But it is not proper for us to volunteer an opinion in this respect. We have no intention to do so, but simply to mark the limits of this judgment.
The judgment of the court below must be reversed, because entered in bar, and one here entered in conformity with the statute in abatement.