Robinson v. Magee.

---

ROBINSON *et al.* v. MAGEE.

9   81<br>d104 449

Whatever provision of a statute substantially defeats the end contemplated by the parties in making a contract, must impair its obligation. As the law enters into the contract and forms a part of it, the obligation of such a contract must depend upon the law existing at the time the contract was made. The contract being then complete and operative, the Legislature cannot, by a subsequent act, impair its obligation by requiring the performance of other conditions not required by the law of the contract, itself.

The power to impose conditions after the contract is once complete and perfect, is nothing but the power to impair its obligation, and this the Constitution has prohibited.

The provisions of the act of April twenty-seventh, one thousand eight hundred and fifty-five, requiring all persons holding certain warrants upon the treasurer of Calaveras county, to present the same for registry before a certain day or be for ever barred from enforcing the payment thereof, are therefore unconstitutional.

APPEAL from the District Court of the Fifth Judicial District, County of Calaveras.

The facts of this case appear in the opinion of the Court.

*Robinson, Beatty & Botts,* in *propria personæ.*

The law requiring creditors of Calaveras county to register their claims against the county, and in the event of non-compliance with requisition, declaring the debt forfeited, is unconstitutional and void, so far as the forfeiture is concerned.

The Legislature cannot impose on a creditor any condition whatsoever, the non-compliance with which will forfeit the debt. The Constitution of the United States provides "that no State shall pass any law impairing the obligation of contracts." The obligation of Calaveras county was absolute to pay the debt for which the warrant was issued. It was an obligation without condition. If it was in the power of the Legislature to impose one condition onerous to the creditor, it might impose any other. Blair et al. v. Williams, 4 Little's Ky. R., 35; Lapsley v. Brashears et al., 4 Little's, 47.

We contend that we did comply with the requirements of the law.

The law only requires that the creditor shall present the same to the auditor of Calaveras county for registry on or before the first day of July, A. D., 1855. It does not require that the presentation shall be made at any particular place.

*S. W. Brockway* for Respondent.

The act requiring the registration of indebtedness is not unconstitutional and does not " impair the obligation of contracts," but is, in its provisions, virtually an act of limitation, and as such, merely affects the plaintiff's remedy and not their right. The act has no retrospective operation. Billings *v.* Hall, Jan. T., 1857.

Public policy requires the approval, and by no other means could the debt of the county of Calaveras have been apportioned.

BURNETT, J.—This was an application to the District Court for a *mandamus* to compel the defendant, as Treasurer of Calaveras county, to pay an auditor's warrant, issued as evidence of county indebtedness, before the passage of the act of the Legislature of May 11, 1854, dividing that county, and organizing the county of Amador. The subsequent act of the Legislature, approved April 27, 1855, provided that "all persons holding orders or warrants upon the treasurer of Calaveras county, issued prior to the time of the organization of Amador county * * * * * shall present the same to the auditor of Calaveras county for registry, on or before the first day of July, 1855;" and in case any such person should fail to so present his claim, he should be forever thereafter barred from enforcing the payment thereof, and the same should be deemed canceled. The warrant in this case was issued to the County Judge for one quarter's salary, and came to the plaintiffs by purchase. The warrant was presented, within the time limited, to the auditor, not at his office, but at the bar-room of a public hotel. The auditor received the warrant, promised to register it, and then placed it with the barkeeper, for safe custody, where it remained until after the expiration of the time mentioned in the act, and was never registered. Upon this state of facts, which is not disputed by either party, the District Court refused the writ, and the plaintiffs appealed.

The first point made by the plaintiff is, that the provision requiring pre-existing creditors of the county to register their warrants on pain of forfeiture of their claims, is unconstitutional and void, because it impairs the obligation of contracts. The Constitution of the United States provides that " no State shall pass any law impairing the obligation of contracts." The

Robinson v. Magee.

same provision, in substance, is contained in the Constitution of this State.

It must be conceded that the intention of the Constitution was to secure great *practical results*. It is equally true, that this provision was intended to protect *individuals*. The powers of government, among savage tribes of men, are mainly exerted to protect the particular community against other opposing communities. Individual rights are mostly left to individual protection. Wrongs are redressed by the person injured, or by his relatives. But among civilized nations, the leading intent of government is to regulate and protect the rights of the individual. The individual surrenders up the natural rights of self-protection, and, in consideration of this surrender, he receives the protection of the State. Whatever the State, therefore, binds itself to do, or not to do, must be observed. If the Constitution of the State (as, for example, that of Great Britain,) merely distributes and classifies, but does not *limit* the powers of government, then its discretion is the only measure of its powers. But where a Constitution *limits* the powers of government, the State can only exercise the discretion given. It is, therefore, the peculiar glory of our Constitution, that a single individual can successfully resist the claims of the whole community, when he is in the right.

The word obligation, as found in this provision, is not used in its widest sense. It is the "*obligation of contracts*" that cannot be impaired. The obligation of other things than contracts is not protected. A contract is a voluntary and lawful agreement, by competent parties, for a good consideration, to do or not to do a specified thing. The only end and object of the contract, is the doing or not doing the particular thing mentioned. The *practical result* is the only end aimed at by the parties, and the obligation of the contract is the vital binding element that secures this practical consummation.

If, then, the intention of the Constitution was to secure great practical results by the protection granted to *individuals*, this protection can only consist in attaining the only *end* contemplated by the contract itself. If that end be substantially defeated by the law, the operative force of the obligation of the contract is impaired. Any other than practical and efficient protection would be idle.

A criminal statute without a penalty, and a civil right without a remedy, never can exist in the practical theory of government. It is not the intent of government to establish mere abstract and inoperative principles. A dormant right, that cannot be enforced, is no right at all. To say that the law will give a party a judgment, and yet refuse him an execution to enforce it, is to give him the shadow and withhold the substance. Such a position would be like the morality of the debt-

or, who will never *deny* the debt; would pay it *if* he had the money, but never uses any exertions to get it; or like the right of appeal only allowed to a criminal *after* the sentence has been executed.

The right and the remedy, in the theory of all practical and just governments, must stand or fall together. To deny the right, is necessarily to deny the remedy; and to admit the right and yet deny the remedy, is to impair the right, and to render it either partially or wholly inoperative. It is more consistent to deny both the right and the consequent remedy, than to admit the right, and then, in the face of this admission, deny its inseparable incident—its just result.

As the Constitution intended to prohibit the Legislature from defeating a certain *end*, it does not matter how, or by what means, or in what manner, this end is sought to be defeated; the act is equally unconstitutional. If the *purpose* be defeated, the manner in which it is done is unimportant, and cannot change the substantial result. If, therefore, the act will not allow the creditor a judgment; or, if a judgment be allowed, and all means of enforcing it be prohibited, it is still unconstitutional. And if both be allowed, but under *conditions* which impair the right, it is equally a violation of this provision.

The obligation of a contract may be impaired, without being entirely destroyed. The last must include the first, but the first does not necessarily include the latter. The act can no more destroy, than it can impair, the obligation of a contract.

If these views be correct, then whatever provision of a statute substantially defeats the *end* contemplated by the parties in making the contract must impair its obligation. And, to ascertain the end contemplated by them, we must look to the law, as it existed at the time when the contract was made. All men are presumed to know the law; and the law then existing enters into, and forms a part of, the contract, without any express stipulation to that effect. Parties, in entering into contracts, only expressly stipulate as to matters · that cannot appear without such stipulation. It would be idle for them to say, expressly, that they incorporate in their agreement the law then existing.

As the law enters into the contract, and forms a part of it, the obligation of such contract must depend upon the law existing at the time the contract was made. The contract being, then, complete and operative, the Legislature cannot, by a subsequent act, impair its obligation, by requiring the performance of *other* conditions, not required by the law of the contract itself. The rights, as well as the intentions, of the parties, are fixed and ascertained by the existing law. Therefore, to require the performance of *other* conditions, to make the contract operative, is to impair its obligation. The power to impose conditions, after the contract is once complete and perfect, is nothing but the

power to impair its obligation, and this the Constitution has prohibited.

It would be impracticable to review the numerous decisions of the federal and State tribunals, upon this subject. I may, however, refer to the able opinions of Chief Justice Boyle, and Justices Mills and Ousley, in reference to the Relief Laws of Kentucky, and to the opinion of Chief Justice Marshall, in the case of Sturgis v. Crowninshield, (4 Littell, 35, 117; 4 Wheaton, 191.) For a more full expression of my own views, I refer to my opinion in the case of Stafford and others v. Lick and others, April Term, 1857.

For the reasons stated, I am constrained to consider that provision of the act of April 27, 1855, declaring the claims of pre-existing creditors forever barred, if they failed to comply with the new conditions imposed, as impairing the obligation of contracts, and, therefore, void. It is not necessary, under this view of the case, to notice the other points made.

There being money in the county treasury, applicable to the payment of this warrant, let a peremptory mandate issue.

FIELD, J.—I concur in the judgment that a peremptory *mandamus* issue.