Rawson *vs.* Thornton.

WILLIAM A. RAWSON, plaintiff in error, *vs.* WILLIAM B. THORNTON, defendant in error.

This was a bill filed by the complainant, against the defendant, to revive a dormant judgment, and to have a tract of land, covered by a homestead, made subject thereto, for the payment of the purchase-money thereof. At the trial term of the case a motion was made to dismiss the bill, on the ground that there was no equity in it which would give to a Court of equity jurisdiction of the case. The Court sustained the motion and dismissed the bill ; whereupon the complainant excepted. *Held*, That the allegations in the complainant's bill did not make such a case as would give to a Court of equity jurisdiction thereof, but on the contrary, his remedy in a Court of law was ample and complete, and that there was no error in dismissing the bill at the trial term of the case, for want of equitable jurisdiction in the Court.

Homestead.  Dormant judgments.  Relief.  Before Judge HARRELL.  Stewart Superior Court.  April Term, 1871.

Rawson's bill against Thornton was as follows :  On the 10th of August, 1859, said Thornton bought of one Flowers, certain described land, giving therefor Thornton's note for $813 00, due the 25th of December, 1859.  In a due course of trade and for value, on the day first aforesaid, Flowers transferred said note to Rawson, indorsing the same.  At April Term, 1861, of said Court, Rawson sued Thornton and Flowers on said note, and in October, 1861, had judgment against them, and *fi. fa.* issued 30th November, 1861. On the 15th of February, 1864, Rawson paid the clerk the costs due thereon, and on the 5th of November, 1867, received $500 00 on the *fi. fa.*  On the 25th of January, 1869, the *fi. fa.* was levied on said land.  Thornton made affidavit "that he desired to take the benefit of the remedy provided for in an Act of the Legislature of said State, passed in 1868, and known as an Act for the relief of debtors, and to authorize the adjustment of debts upon principles of equity." Receiving this affidavit, the sheriff would not sell said land. Subsequently Thornton applied for and had his homestead

set apart in said land.    Flowers is dead, has no administrator, and it is supposed he never will have.

He prayed that his judgment be revived, that said affidavit be set aside for want of conformity to the Relief Act of 1868, and that said land be declared subject to the payment of this jndgment.

Thornton answered the bill.    At the trial term his counsel demurred to the bill for want of equity, and moved to dismiss it.    It was dismissed for want of equity.    Error is assigned upon the ground that said demurrer came too late, and that the bill did contain equity.

BEALL & TUCKER for plaintiff in error.    Demurrer must be at first term : R. Code, sections 4132, 4133; 1 Baleys Eq., section 187; 20th Ga. R., 379 ; 27th, 238.    There is equity in the bill, Acts 1868, pg. 29, section 12; R. Code, section 3030.    Revival of judgments : Revised Code, sections 3545, 2863.

I. L. WIMBERLY; M. GILLIS, by H. FIELDER, for defendant.

WARNER, Judge.

There was no error in the judgment of the Court below, in dismissing the complainant's bill for want of equity on the statement of facts disclosed in the record.

Let the judgment of the Court below be affirmed.