## Case No. 15,459.

UNITED STATES v. JACKSON.

[3 Sawy. 59.] [1]

Circuit Court, D. California. 1874.

CHINAMEN—CIVIL RIGHTS—INDICTMENT.

Where the indictment avowed that one Ah Koo was deprived of a right secured to him by the sixteenth section of the act of congress of May 31, 1870 [16 Stat. 140], in this, that there was exacted from him the sum of four dollars, by the defendant, who was then and there collector of taxes in Trinity county, under color of a certain law of the state of California, which this indictment particularly sets forth, but the indictment contained no averment that Ah Koo was a foreign miner and within the provisions of the state law, *held* bad on demurrer.

[This was an indictment against John Jackson, upon the charge of illegally depriving one Ah Koo of rights secured to him by the act of congress of May 31, 1870. The case is now heard on a demurrer to the indictment.]

Mr. Latimer, U. S. Atty., and W. H. L. Barnes, for United States.

Jo Hamilton, Cal. Atty. Gen., J. D. Hambleton, and George Gordon, for defendant.

Before SAWYER, Circuit Judge, and HOFFMAN, District Judge.

HOFFMAN, District Judge. The questions raised by the demurrer are two: First, as to the sufficiency of the indictment; and second, as to the constitutionality of the act of congress under which it is based.

The indictment avers, in substance, that one Ah Koo was deprived of a right secured to him by the sixteenth section of an act of congress of 1870 in this, that there was exacted from him four dollars by the defendant, who was then and there a duly elected collector of taxes in Trinity county, under color of a certain law of the state of California, which the indictment particularly sets forth.

The indictment contains no averment that Ah Koo was a foreign miner, and within the provisions of the state law. If this averment be unnecessary, no proof of that fact need be given on the trial, and the act of congress would then be held to apply to a case of illegal extortion by a tax collector from any person, though such exaction might be wholly unauthorized by the law under which the officer pretended to act.

We are satisfied that it was not the design of congress to prevent or to punish such abuse of authority by state officers. The object of the act was, not to prevent illegal exactions, but to forbid the execution of state laws, which, by the act itself, are made void. The district attorney, himself, seems to recognize the necessity of showing that the tax was levied by the officer under the authority of state law; for he avers him to have been duly elected tax collector. Nor

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

does he contend that if any other person, not a tax collector, had levied a similar contribution from a Chinaman, the offense would come within the provisions of the act of congress.

It would seem, necessarily, to follow, that the person from whom the tax was exacted must have been a person from whom, under the provisions of the state law, the officer was authorized to exact it. The statute requires that a party shall be subjected to a deprivation of right secured by the statute under color of some law, statute, order or custom; but if this exaction, although made by a tax collector, has been levied upon a person not within the provisions of the state law, the exaction cannot be said to have been made "under color of law," any more than a similar exaction from a Chinese miner, made by a person wholly unauthorized, and under the pretense of being a tax collector.

Again: The constitutionality of the section of the act of congress in question must be sustained, if at all, under the second clause of the fourteenth amendment, which provides that no state shall deny to any person the equal protection of the laws; for the first clause relates exclusively to the privileges and immunities of citizens of the United States. If, therefore, the person on whom this tax was levied was not a foreign miner and not subject to the tax, by the terms of the state law, he has the same remedy for the illegal extortion as would be possessed by any citizen. He has, therefore, equally with any other citizen, the protection of the law. It is only when, being a foreign miner, a tax is levied upon him as such, which tax white citizens are not subjected to, that he could be said to be deprived of the equal protection of the law.

We are, therefore, of opinion that the indictment should contain an averment that he was a foreign miner, with such other averments as are necessary to bring him within the operation of the state law, and subject him to its provisions.

The demurrer, on this point, is sustained.

On the second point it is also contended the sixteenth and seventeenth sections of the act of 1870, are unconstitutional and in excess of the powers conferred upon congress. by the fourteenth amendment.

The duty of declaring an act of congress void, for unconstitutionality, is one of the most delicate and responsible which the courts are called upon to discharge. It is only in the clearest cases, and in those admitting of no other decision, the supreme court of the United States has declared laws of congress to be unconstitutional. It is said by Mr. Justice Swayne, in a recent case, that only three instances of the kind occurred since the organization of the government. In some of the states the subordinate courts decline to pass upon the constitutionality of state laws under state constitutions, but remit the question to the highest judicial tribunal for its determination.

We see no reason why the same rules should not be observed by the subordinate tribunals of the United States courts.

It is further to be considered that the law in question was passed almost immediately after the adoption of the amendment, and, in the supposed exercise of the powers conferred by it, by a congress to a very large extent composed of the men who had framed the amendment, submitted it to the states, and urged its adoption. A law passed by them, in pursuance of the power conferred by the amendment, may, therefore, be regarded as a legislative construction and interpretation of its provisions; and such contemporaneous legislative interpretations have been always considered to afford much light as to the intention of the fathers in framing the original constitution, and as guides to courts in the interpretations of its provisions.

For these reasons, even if our opinion were less clear as to the constitutionality of this law, we should feel it our duty to sustain the law, and to remit the question to the supreme court for final determination.

UNITED STATES v. JACKSON. See Cases Nos. 7,149 and 14,820.