## SAWYER v. PARISH OF CONCORDIA.*

*(Circuit Court, W. D. Louisiana.   June, 1882.'*

1. JURISDICTION—FEDERAL QUESTION.
    When there is a federal question involved in the suit, the circuit court has jurisdiction, under act of March 3, 1875, without regard to the citizenship of the parties.

2. MUNICIPAL CORPORATION—CONTRACT—REMEDY.
    When a municipal corporation has made a contract during the existence of a state law which provides an adequate remedy by compulsory taxation through the courts, that remedy is a vital element of the contract.

3. CONTRACT—STATUTE IMPAIRING OBLIGATION OF.
    The subsequent repeal of that law, and the adoption of a new constitution prohibiting the levy of any judgment tax and limiting all taxation to the current support of the local government, would, if valid, impair the obligation of such a contract.

4. SAME—STATUTES UNCONSTITUTIONAL.
    The invalidity of such enactments must be decreed by any court trying such a case before a judgment enforcing the contract by the original remedy of a judgment tax can be rendered.

5. SAME.
    Such invalidity is the result of a violation of section 10, art. 1, Const. U. S., alone, and a suit to enforce the contract through that article is a suit "arising under the constitution of the United States."

6. JURISDICTION—CONCURRENT.
    Though the plaintiff could sue in the state court, and could obtain full relief there, yet he can resort to the concurrent jurisdiction of the circuit court.

7. SAME—FEDERAL COURTS.
    The jurisprudence of the state courts, construing the effect of said section upon state laws and constitutional articles, whether holding the latter valid or invalid as impairing the obligations of anterior contracts, cannot determine the jurisdiction of the federal courts.

8. SAME—JURISDICTION, ON WHAT DEPENDS.
    The jurisdiction of the latter cannot be vested or divested by the character of the defence made, but depends upon the issues raised by plaintiff's petition, and necessary to be determined to afford him adequate remedy.

9. SAME—ACT OF 1875—QUERY.
    Does not the *original* jurisdiction of the circuit courts, as enlarged by act of March 3, 1875, extend to all cases involving over $500, which could have been carried, under former acts, to the supreme court on writs of error from state courts?

10. PLEADING—EXCEPTION TO JURISDICTION.
    An exception to the jurisdiction admits, for the purposes of the trial of that plea, all the facts alleged in the plaintiff's petition.

*W. W. Farmer,* for plaintiff.
*Boatner & Liddell,* for defendant.

*Reported by W. W. Farmer, Esq., of the Monroe, La., bar.

BOARMAN, D. J. The plaintiff, a lawyer and citizen of Louisiana, sues the parish of Concordia for $27,000, claimed to be due to him because of certain professional services rendered the defendant, in pursuance of a conditional contract of date December, 1872. He alleges that he completed his part of the agreement before October, A. D. 1879, and that on the happening of the suspensive condition his contract became absolute and indefeasable; that by operation of law his contract has a retroactive effect, and takes date with the agreement—December, 1872. At that time he alleges the existence of two statutes of the state which gave him remedies for the legal and effectual enforcement of his contract, to-wit, the act, No. 69, A. D. 1869, and section 2743, Rev. St. 1870.

The act, No. 69, provides substantially as follows: That the judge rendering a judgment against any parish shall order the tax-assessing officers of the defendant parish to assess a special tax in amount sufficient to pay the judgment creditor; that said tax shall be forthwith collected and held as a special fund for the benefit of such creditor, and shall not be otherwise diverted; provided there are no other funds subject to such judgment in the parish treasury. The act, or section 2743, authorized the parishes in the state to levy and collect such taxes as may be deemed necessary by parish authorities to defray the expenses of the local government.

Having cited these two acts, he alleges that act No. 96, A. D. 1877, repealed them. This act limits the power of the parish so that not more than 10 mills can be collected for any purpose, and repeals all general laws authorizing the levy of any *special* or *judgment* taxes. In addition to the repealing statutes, he alleges that article 209 of the state constitution of 1879 limits the parish tax to 1 per centum on the assessment, and that the sum annually collected in the parish is used and needed for the alimentary purposes of the parochial government, and will furnish nothing with which to pay his claims; that said parish has no funds on hand, and no property subject to seizure.

He alleges that the powers and remedies the courts of the state had and would have exercised, under act No. 69 and section 2743, for the enforcement of the obligation of this contract, have been destroyed and taken away by the enactment of the subsequent acts and article of the state constitution; that these acts, No. 69 and section 2743, *now repealed,* entered into and were vital elements in his contract; that the state has by these subsequent repealing laws impaired the obligations of his contract, contrary to article 1, § 10,

of the constitution of the United States. He avers that his suit arises under the constitution of the United States. Defendant denies the jurisdiction of this court. His motion is now under consideration.

He urges that "plaintiff and defendant are citizens of the same state, and that plaintiff's demand and alleged contract, if any exists, can be enforced in the courts of the state of Louisiana under act No. 69, A. D. 1869; that said act, and remedy therein provided, was not repealed by act No. 96, 1877, nor by the provisions of the constitution of 1879.

After stating so much by way of denying jurisdiction, he adds in his motion that "it is the well-settled jurisprudence of the state that these repealing acts and article of the constitution do not affect the remedy or rights of parties under contracts entered into, as plaintiff's was, before the passage of act No. 96, 1877, or before the constitution of 1879." To sustain the suggestions in his motion he cites a number of cases reported in the Louisiana Reports. They will be noticed later. Defendant's objection to this court's jurisdiction, if confined to the suggestions in his motion, is very limited, and if the question was tried on an admission of all he says, it is doubtful if any circuit court would refuse jurisdiction to try plaintiff's suit since the passage of the act of congress of March 3, A. D. 1875.

He denies that act No. 69, so far as it affects the legal rights of the plaintiff claiming, as he does, under a contract, has been repealed; that the state courts, while allowing the repealing act of 1877 to fatally affect all persons not claiming under an anterior contract, will protect plaintiff from any loss of right or remedy in consequence of the repeal.

The fact of the repeal cannot be denied. The act, No. 69, certainly did exist as an operative law in A. D. 1872, and it is equally clear that act No. 96, of 1877, destroyed the remedies and powers under act No. 69, 1869, and section 2743 of Revised Statutes. The act, No. 96, 1877, limits and greatly reduces the per centum of taxation that the parish of Concordia could collect when plaintiff entered into his contract with defendant. The municipal law of the state which binds the parties to perform their agreement constitutes the obligation of a contract. These laws, existing at the time of the contract, must govern and control the contract in every shape in which it is intended they should bear on it, whether they affect the validity or construction of the contract.

The jurisdiction of this court cannot be tested, as it applies to this case, by the jurisprudence of the state courts, however much in the cases cited they may have sought to restrain the effect of the state statutes enacted subsequently to the date of plaintiff's contract. The state courts, of course, have ample power to try this case, or any other suits involving an interpretation of their statutes or constitution, and before the act of March 3, 1875, had original jurisdiction over such cases as this, to the exclusion of the federal courts. It is now conceded that that act is constitutional, and that congress intended under its operation to extend to the circuit courts of the United States all the judicial power which congress could, under the constitution, confer on such courts. The act enables this court to try, concurrently with the state courts, all suits of a civil nature, at common law or in equity, involving over $500, "arising under the constitution or laws of the United States." Before the passage of the act of 1875 the supreme court only could, under its appellate power, examine and revise the decisions of the highest state courts when they, in a final judgment, passed on a "title, right, privilege, or immunity, specially set up or claimed by either party under the constitution of the United States."

In such cases, when the judgment was against the title, right, or privilege, the cause could go up on writ of error to the supreme court. Now it is no longer necessary, in order to reach the federal court, that a suitor, setting up any such right or privilege, should begin his action in the state courts. Such a right, privilege, or immunity makes up a federal question, and if his suit involves such a question he may begin it in this court.

The act of March 3, 1875, made some radical changes in the practice and jurisdictional powers of the circuit courts. The effect and extent of the change has not been fully realized, nor has the act, as yet, been comprehensively interpreted by the supreme court. One of the objects of the act, obviously, was to open the circuit courts to suitors claiming rights under the federal constitution and laws, and to enable such litigants to reach the courts of the United States without the tedious and oftentimes difficult process of an appeal on writ of error to the supreme court. May it not be a fact that all suits involving a federal question, which, prior to the act of 1875, could have been taken up on writ of error from the state courts of last resort to the supreme court, may now be filed and tried originally in the circuit courts? Certainly the counsel favoring this motion has

fallen far short in his estimate of the changes made by this act of 1875.

It must be admitted as true that plaintiff entered into the contract as alleged; that act No. 69, giving him certain remedies, and section 2743, Rev. St., existed at the date of his agreement; that the act, No. 96, 1877, and article 209 of state constitution, repealed the two statutes, No. 69 and section 2743. The motion to the jurisdiction cannot put at issue these facts as plaintiff alleges them. The constitution of the United States prohibits the impairment of the obligation of a contract. It does not, in such a way, protect the obligation of an ordinary debt.

If his cause of action was to enforce the collection of an account or an ordinary debt, then the allegation that certain laws affecting his remedy had been repealed would not present a federal question. His right to sue in this court attaches at once if he has presented such a question. It must depend on the subject-matter of his suit.

In *Osborn* v. *Bank,* 9 Wheat. 824, the court says the right to sue "is anterior to the defence, and must depend on the state of things when the action is brought." Can his right to sue depend on anything else? If the jurisdiction depends on or could be ousted by the character of the defence, or was limited by the denials in defendant's answer, should he file one, or by the matter or facts he should choose to put at issue, then it is apparent that the ingenuity of counsel would have much to do with confirming or denying jurisdiction. If it depended on the jurisprudence of the state courts, on similar issues to those involved in the case at bar, the power in this court to try such cases as this one would often rest on the opinions of the state judges. In this connection, it was suggested that defendant's answer, when filed, might admit the execution of the contract agreement, and put at issue only the question of performances on Sawyer's part. Then, on this limited issue, no federal question would have to be passed on, adversely or otherwise, by any court trying the case. This suggestion is answered in case of *Railroad* v. *Mississippi,* 102 U. S. 140, and in a number of cases of recent date. In the case noted the court said, speaking of the matter of jurisdiction:

"It is not sufficient to exclude the jurisdiction of the judicial power of the United States from a particular case that it involves questions which do not at all depend on the constitution or laws of the United States, but when a question, to which the judicial power is extended by the constitution, forms an ingredient of the original cause, it is within the power of congress to give the circuit court jurisdiction, although other questions of fact may be involved in it."

In *Mayor* v. *Cooper*, 6 Wall. 253, the court, discussing the same question, said:

"Nor is it any objection that questions are involved which are not at all of a federal character. If one of the latter exists—if there be a single such ingredient in the mass—it is sufficient. That element is decisive upon the subject of jurisdiction."

Chief Justice Waite, in the case of *Gold Washing & Water Co.* v. *Keyes*, 96 U. S. 203, said:

"The suit must, at least in part, arise out of a controversy between the parties in regard to the operation and effect of the constitution or laws upon the facts involved."

In *Osborn* v. *Bank*, 9 Wheat. 822, it is said the case arises under the constitution when "the title or right set up by the party may be defeated by one construction of the constitution or laws of the United States, or sustained by the opposite construction."

It is clear that a federal question, or the ingredient of one, would not have to be passed on if plaintiff was suing on an obligation growing out of a debt or an account. But he sues on a contract, and invokes the protection of the constitution; and it seems that no exigible judgment could be given in his favor on any of the issues involved, unless the court pronouncing judgment should construe, one way or another, the article of the constitution prohibiting the impairment of the obligation of a contract. The repealing acts and article of the state constitution, which have impaired his remedies, must be annulled and put at naught, so far as they affect anterior contracts, before any exigible judgment can be given to plaintiff.

The original cause of action consists of a demand for the enforcement of the contract, and of a demand for and exigible judgment for the money due him. The "title or right he sets up for such a judgment cannot" be passed on without recognizing an existing "controversy between the parties in regard to the operation and effect of the constitution or laws upon the facts involved." Unless an exigible judgment can be obtained, his suit in the state court would be an idle formula and a vain ceremony. Execution is the very life of a judgment; and now, under the act of 1875, he has a right to go into a court that has the power to give him an exigible judgment on all parts of his claim, if well founded.

The Louisiana cases cited by defendant's counsel show the existence of a distinctive constitutional question in this case. In the case of *Folsom* v. *City of New Orleans*, 32 La. Ann. 714, the court said,

speaking of the repealing act, No. 96, 1877, and of the effect of article 209, state constitution, that "no court has the right to question the validity of any article of a state constitution, except on the ground that it violates the constitution of the United States."

In the other cases the same principle was announced, and in all the cases the court held that act No. 69 was repealed, and that act No. 96, 1877, and article 209, would be valid against everybody but for the restraining effect which this construction of the paramount law exercised upon the validity of the act, No. 69, and article 209. In all the cases cited it is apparent that the state court was constrained to recognize the existence of a constitutional question, and to give judgment accordingly. In all of these suits, where a contract was established, the courts protected the claimants, on the ground that, in their opinion, the statute of 1877 and article 209 of state constitution violate the constitution of the United States. Plaintiff can, if he chooses, institute his suit in the state court, and all the elements of the cause of action, if well founded, could be sustained by an exigible judgment; but it is equally as clear to me that no exigible judgment could, in any court, state or federal, be given to him, unless the laws of which he complains as affecting his remedy are declared void, as against him, because of their repugnancy to the constitution of the United States.

I think the jurisdiction of this court covers the subject-matter of his suit.

Motion overruled.

### NOTE.

FEDERAL QUESTIONS. Where there is a federal question involved, the circuit court has jurisdiction without regard to the citizenship of the parties. *Wilder* v. *Union Nat. Bank*, 12 Chi. Leg. News, 75. See *Wiggins' Ferry Co.* v. *Chicago & A. R. Co.* 11 FED. REP. 384; *Green* v. *Klinger*, 10 FED. REP. 692, and note. The United States court is the final arbiter of constitutional construction, and congress may invest it with the power to construe any constitutional law, (*Van Horne* v. *Dorrance*, 2 Dall. 304; *Martin* v. *Hunter*, 1 Wheat. 304; *Cohens* v. *Virginia*, 6 Wheat. 264; *Ableman* v. *Booth*, 21 How. 506; S. C. 3 Wis. 1; *The Mayor* v. *Cooper*, 6 Wall. 247;) but for its power to extend to a constitutional question it must be in a case at law or in equity, (*Cohens* v. *Virginia*, 6 Wheat. 264.) The power of the United States court extends over statutes, whether passsed by a state legislature or by congress, which are claimed to be in contravention of the constitution of the United States; but not to statutes claimed to be void under a state constitution, (*Calder* v. *Ball*, 3 Dall. 390; *Marbury* v. *Madison*, 1 Cranch, 137; *Dartmouth College* v. *Woodward*, 4 Wheat. 518; *Wiggins' Ferry Co.* v. *Chicago & A. R. Co.* 11 FED. REP. 382;) and the objection must not be doubtful, (*U. S.* v. *Jackson*, 3 Sawy.

59; *People* v. *Brinkerhoff*, 68 N. Y. 259;) but the act must be clearly subversive of the constitution, (*Turner* v. *Althaus*, 6 Neb. 54; *Central C. R. Co.* v. *Twenty-Third Street R. Co.* 54 How. Pr. 168; *Remington* v. *Park*, 50 Vt. 178.)

OBLIGATIONS OF CONTRACT. The obligation of a contract is that which requires the performance of the legal duties imposed by it, (*Blaun* v. *State*, 39 Ala. 353;) and consists of that right or power over his will or action which a party by his contract confers on another, (*Ogden* v. *Saunders*, 12 Wheat. 213; *Lapsley* v. *Brashears*, 4 Litt. 47;) and includes everything within its object and scope, (*Sturges* v. *Crowninshield*, 3 Wheat. 122; *Bronson* v. *Kinzie*, 1 How. 311; *McCracken* v. *Hayward*, 2 How. 608; *Blair* v. *Williams*, 4 Litt. 34; *Blanchard* v. *Russell*, 13 Mass. 1.) It does not inhere and consist in the contract itself, but in the law applicable to the contract, (*Edwards* v. *Kearzey*, 96 U. S. 595; *Bronson* v. *Kinzie*, 1 How. 311; *McCracken* v. *Hayward*, 2 How. 608;) and laws relating to the validity, construction, discharge, and enforcement are a part of the contract, (*Edwards* v. *Kearzey*, 96 U. S. 595; *Von Hoffman* v. *Quincy*, 4 Wall. 535; *McCracken* v. *Hayward*, 2 How. 608;) the validity, construction, and remedy being part of the obligation, (*Green* v. *Biddle*, 8 Wheat. 1; *People* v. *Bond*, 10 Cal. 570; *Story* v. *Furman*, 25 N. Y. 223; *Walker* v. *Whitehead*, 16 Wall. 314.) The obligation of a contract commences at its date, (*Blair* v. *Williams*, 4 Litt. 34;) and depends on the laws in existence when it is made, (*Robinson* v. *Magee*, 9 Cal. 84; *Johnson* v. *Duncan*, 3 Mart. 531; *West. Sav. Fund* v. *Philadelphia*, 31 Pa. St. 175; *Wood* v. *Wood*, 14 Rich. 148; *Smith* v. *Cleveland*, 17 Wis. 556;) and continues until the debt is paid, or the act performed, (*Baily* v. *Gentry*, 1 Mo. 164; *Forsyth* v. *Marbury*, R. M. Charl. 324;) and extends to future possessions, (*Edwards* v. *Kearzey*, 96 U. S. 595.) The obligation of other things than contracts is not within the protecting clause of the constitution, (*Ogden* v. *Saunders*, 12 Wheat. 213; *Robinson* v. *Magee*, 9 Cal. 84; *Blair* v. *Williams*, 4 Litt. 34.)

IMPAIRMENT OF OBLIGATION. To impair means to alter so as to make the contract more beneficial to one party and less to the other than by its terms it purports to be. *Bailey* v. *Gentry*, 1 Mo. 164. The impairment is not a question of degree, manner, or cause, (*Green* v. *Biddle*, 8 Wheat. 1; *Planters' Bank* v. *Sharp*, 6 How. 301; S. C. 12 Miss. 17; *Walker* v. *Whitehead*, 16 Wall. 314; S. C. 43 Ga. 538; *Von Hoffman* v. *Quincy*, 4 Wall. 535; *Gault's Appeal*, 33 Pa. St. 194; *Farnsworth* v. *Reeves*, 2 Cold. 111; *Winter* v. *Jones*, 10 Ga. 190;) it cannot be impaired in the remotest degree, (*Green* v. *Biddle*, 8 Wheat. 1; *Von Hoffman* v. *Quincy*, 4 Wall. 535.) Where a contract is discharged, (*Farmers' & Mech. Bank* v. *Smith*, 6 Wheat. 131,) or where it is destroyed, (*Robinson* v. *Magee*, 9 Cal. 84,) or an essential part is annulled, (*New Jersey* v. *Wilson*, 7 Cranch, 164,) or partially rescinded, (*Grinnball* v. *Ross*, T. U. P. Charl. 175,) the obligation is impaired. The obligation is impaired by a statute which authorizes its discharge by a smaller sum, or at a different time, or in a different manner than stipulated, (*Golden* v. *Prince*, 5 Hall, L. J. 502; *Edmonds* v. *Ferguson*, 11 Mo. 344.) A state can no more pass a law violating the obligation of a contract by means of a convention than by its legislature, (*Marsh* v. *Burroughs*, 1 Woods, 463; see *Pacific R. Co.* v. *Maguire*, 20 Wall. 36;) so a provision in a state constitution which prohibits the enforcement of a contract is void, (*White* v. *Hart*, 13 Wall. 646; S. C. 39 Ga. 306; *French* v. *Tom-*

*lin,* 19 Amer. L. Reg. 641; *Jacoway* v. *Denton,* 25 Ark. 625; *McNealy* v. *Gregory,* 13 Fla. 417; but see *Shorter* v. *Cobb,* 39 Ga. 285; *Armstrong* v. *Lecompte,* 21 La. Ann. 528; *Dranquet* v. *Rost,* Id. 538.) A mere license given by charter to an incorporated company is not a contract, (*Beer Co.* v. *Massachusetts,* 97 U. S. 25; *Fertilizing Co.* v. *Hyde Park,* Id. 659;) so a provision in a constitution prohibiting lotteries is not an impairment of the obligations of a contract, (*Stone* v. *Mississippi,* 101 U. S. 814.)

The remedy enters into and forms a material part of the obligation of the contract. *Von Hoffman* v. *Quincy,* 4 Wall. 535; *Walker* v. *Whitehead,* 16 Wall. 314; S. C. 43 Ga. 558; *Gunn* v. *Barry,* 15 Wall. 610; S. C. 8 Bank Reg. 1; *Johnson* v. *Higgins,* 3 Metc. (Ky.) 566. The validity and remedy are inseparable, and both are parts of the obligation, (*Walker* v. *Whitehead,* 16 Wall. 314; S. C. 43 Ga. 537; *Scaine* v. *Bellville,* 39 N. J. Law, 526;) and a statute which enfeebles (*Edwards* v. *Kearzey,* 96 U. S. 595) or impairs the remedy, (*Bronson* v. *Kinzie,* 1 How. 311; *Green* v. *Biddle,* 8 Wheat. 1; *Smith* v. *Morse,* 2 Cal. 524; *Johnson* v. *Duncan,* 3 Mart. 531; *Coffman* v. *Bank,* 40 Miss. 29,) or lessens the efficiency of the remedy, (*Louisiana* v. *New Orleans,* 102 U. S. 203,) where the remedy is essential, (*Thompson* v. *Com.* 81 Pa. St. 314,) is prohibited.

The character of the parties to a contract does not prevent the application of the inhibitory provision of the constitution as to the impairment of the obligation of contracts. *Trustees* v. *Rider,* 13 Conn. 87; *Regents* v. *Williams,* 9 Gill & J. 365. So a contract wherein the state is a party is within the protecting clause of the constitution. *Hall* v. *Wisconsin,* 103 U. S. 5. This provision of the constitution is a limitation on the taxing power of the state, as the taxing power enters into and becomes a part of the obligation of the contract, (*U. S.* v. *Jefferson County,* 7 Cent. Law J. 130,) and a law changing the stipulation of a contract, or relieving a debtor from a strict and literal compliance with its requirements, is unconstitutional. *Murray* v. *Charleston,* 96 U. S. 432. So corporations are within the provisions of this section of the constitution as a part of the general law. *Fletcher* v. *Peck,* 6 Cranch, 87; *State* v. *Wilson,* 7 Cranch, 164; *Terret* v. *Taylor,* 9 Cranch, 43; *Town of Pawlett* v. *Clark,* Id, 292; *Green* v. *Biddle,* 8 Wheat. 1; *Astrom* v. *Hammond,* 3 McLean, 107; *Woodruff* v. *Trapnall,* 10 How. 190; *Derby T. Co.* v. *Parks,* 10 Conn. 522; 13 Iréd. 75; *Stanmire* v. *Taylor,* 3 Jones, (N. C.) 207. As long as a city exists laws are void which withdraw or restrict its taxing power so as to impair the obligation of her contracts made on a pledge impliedly or expressly given. *Von Hoffman* v. *Quincy,* 4 Wall. 535; *Wolf* v. *New Orleans,* 103 U. S. 358.—[ED.