NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**FRANKLIN H. WRIGHT, AKA JESSE F. SWARTZ, AKA YUTZ MCDOUGAL,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2017-1752

_____

Appeal from the United States Court of Federal Claims in Nos. 1:16-cv-01346-CFL, 1:16-cv-01611-CFL, Judge Charles F. Lettow.

_____

Decided: July 12, 2017

_____

FRANKLIN H. WRIGHT, Los Angeles, CA, pro se.

SHARI A. ROSE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., BRIAN A. MIZOGUCHI.

_____

Before PROST, *Chief Judge,* O'MALLEY, and CHEN, *Circuit Judges.*

PER CURIAM.

Franklin H. Wright seeks review of the January 27, 2017 decision of the Court of Federal Claims ("the Claims Court") dismissing his consolidated cases for lack of subject-matter jurisdiction. *Wright v. United States,* Nos. 16-1346C & 16-1611C, 2017 WL 398335 (Fed. Cl. Jan. 27, 2017). For the following reasons, we *affirm* the decision of the Claims Court.

## BACKGROUND

On October 14, 2016, Wright filed a complaint with the Claims Court, raising two claims labeled as "[b]reach of contract." Suppl. App. 13–14. First, he argued that employees of certain federal courthouse buildings in San Francisco, California "unlawfully removed" his "law library access," resulting in a violation of his "equal access rights" under the Fourteenth Amendment. *Id.* at 14. Second, he argued that the United States Supreme Court failed to properly consider a motion he included with his petition for certiorari in an unrelated case. *Id.* at 14–15; *see generally Wright v. United States Interagency Council on Homelessness*, No. 14-0353RS, 2014 WL 4354534 (N.D. Cal. Sept. 2, 2014), *appeal dismissed*, No. 15-15052 (9th Cir. Apr. 23, 2015). In that motion, Wright had "requested that his petition be considered outside of the petition review pool, for review by Justice John Paul Stevens," a request he believed was either rejected or not considered. Suppl. App. 15–16. In his complaint, Wright insisted that he was "not seeking monetary remedy," instead requesting "injunctive and specific remedy" in the form of the Claims Court: (1) granting access to the San Francisco federal law libraries; and (2) requiring Justice Stevens to personally review and decide the petition for certiorari. *Id.* at 18.

On December 5, 2016, Wright filed another complaint with the Claims Court, this time under the alias "Yutz McDougal." *Id.* 20. In that complaint, he raised a "[b]reach[] of contract" claim against the Council of Economic Advisers, the National Economic Council, and the United States Federal Reserve Bank for their alleged failure to "monitor and prevent unnecessary debt growth," "alleviate trade deficits," ensure that "fair wage-paying employment options are available," and "correct unbalanced budgets." Suppl. App. 23, 34–35. Wright sought "declaratory, injunctive, or mandamus issuance compelling defendants to take corrective action," as well as a "[m]onetary amount in the form of compensation for hours expended" on research for the complaint. *Id.* at 36.

On December 13, 2016, the government filed a motion to dismiss in the first case. On December 29, 2016, the Claims Court issued an order to show cause in both cases, directing "plaintiffs to show cause . . . why one of the complaints ought not to be dismissed, or at least why the two complaints ought not to be consolidated." *Wright*, 2017 WL 398335, at \*2. In response, Wright "did not dispute the true identity of Mr. McDougal and suggested that the court dismiss or '[r]emand' the complaint filed by Mr. McDougal," but he otherwise opposed the government's motion. *Id.*

On January 27, 2017, the Claims Court issued an opinion and order consolidating the two cases and dismissing both complaints for lack of subject-matter jurisdiction. *Id.* at \*1. With respect to consolidation, the Claims Court noted that "Mr. Wright and Mr. McDougal are the same person acting under different names," and that adjudicating both complaints turned on the same issue of "whether the court has jurisdiction to hear claims that [he] . . . described as breaches of contract." *Id.* at \*3. The Claims Court accordingly found that the interests of "judicial economy" outweighed the "potential for delay, confusion, and prejudice" from consolidation. *Id.* at \*2–3

(quoting *Zafer Taahhut Insaat Ve Ticaret, A.S. v. United States*, 120 Fed. Cl. 604, 611 (2015)). With respect to jurisdiction, the Claims Court found that all three nominally "contract" claims failed to actually "allege any breach of contract that could provide [the Claims Court] with jurisdiction." *Id.* at *3. The Claims Court granted the government's motion to dismiss, and Wright timely appeals to this court.

DISCUSSION

On appeal, Wright raises three substantive arguments with respect to his breach-of-contract claims. Specifically, he argues that the Claims Court: (1) should have applied California law in determining whether the purported contracts existed; (2) incorrectly required a money-mandating source of law to find jurisdiction; and (3) erred with respect to its alternative finding that, jurisdiction aside, Wright's complaints could be dismissed for failure to state a claim under Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Appellant Br. 15. All of these arguments are without merit.

Regarding California law, Wright argues that "it would have been proper to . . . note that federal law's components were substantially similar to cited state law, and also note the absence of [a] federal statute relating to contracts." *Id.* at 17. In particular, he suggests that his "[*Robinson v. Magee*, 9 Cal. 81, 83 (1858)] citation is more than proper to provide law in support of [his] claims, especially considering the lack of law library access and his pro se status." *Id.* at 21. But the Claims Court did not dismiss Wright's claims as a consequence of his citing state, rather than federal law. Rather, it found that his claims were simply not cognizable as contractual breaches on their own terms. Wright's claims spoke variously to violations of "Equal Protection" and "Due Process," "the Supreme Court's practice and procedure," and "perceived

deficiencies with the United States economy generally." *Wright*, 2017 WL 398335, at \*4.

To the extent Wright is instead arguing that California law, unlike our precedent, would recognize the existence of contracts in his case, that argument must be rejected as well. As Wright concedes in his brief on appeal, the requirements to find a contract under California law are "nearly identical" to the requirements under Federal Circuit precedent regarding government contracts. Appellant Br. 21. Indeed, the only relevant difference Wright appears to note is the need to show "actual authority on the part of the government's representative to bind the government." *Id.* at 20–21 (quoting *Flexfab, L.L.C. v. United States*, 424 F.3d 1254, 1265 (Fed. Cir. 2005)). The Claims Court's decision, however, did not need to reach the issue of authority for the reasons given above. Wright, moreover, fails to address in any way whether the facts set forth in his complaints satisfy the otherwise identical requirements—for example, the need for consideration.

Regarding a money-mandating source of law, Wright argues that the Claims Court "and the Tucker Act do not require the presence of a money-mandating statute in order to issue remedy to a claim." Appellant Br. 26. We find no error in the Claims Court's decision on this matter; Wright is simply incorrect as a matter of law. "The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983)).

Finally, regarding failure to state a claim, Wright states that "the lower court had insufficient support" to find that his complaints "would be dismissed under"

RCFC 12(b)(6). Appellant Br. 15. Wright does not, however, elaborate on this point or provide actual argument of any kind. Upon full review of the record, we find no error in the Claims Court's alternative finding that, even if jurisdiction were proper, Wright failed to satisfy the requirements of RCFC 12(b)(6) by alleging the basic requisite elements of a valid contract with the government. *See Wright*, 2017 WL 398335, at *4 n.5.

Apart from his substantive arguments, Wright raises two additional issues. First, Wright argues that the Claims Court "erred in denying [his] request for counsel under 28 U.S.C. § 1915(e)(1)." Appellant Br. 24. As the Claims Court correctly noted, however, its power to appoint counsel in civil cases is limited. In civil proceedings, the constitutional right to counsel is "highly circumscribed, and has been authorized in exceedingly restricted circumstances," such as for indigent parents in child custody termination proceedings. *Lariscey v. United States*, 861 F.2d 1267, 1270–71 (Fed. Cir. 1988). "[A]s a general matter, the constitutional right to counsel . . . does not attach in civil cases that do not involve the potential deprivation of a liberty interest." *Pitts v. Shinseki*, 700 F.3d 1279, 1283 (Fed. Cir. 2012). Wright alleges no such deprivation in this case.

Second, Wright argues that the Claims Court should have remanded his second complaint (rather than dismissing it), to either the Government Accountability Office or the Department of Justice. Appellant Br. 32. Wright offers no legal authority for this requested transfer, much less for the GAO or DOJ to adjudicate his claims in the first place. Properly finding a lack of subject-matter jurisdiction, the Claims Court correctly dismissed Wright's consolidated complaints.

CONCLUSION

After full review of the record and careful consideration, we find no error in the Claims Court's decision to dismiss Wright's complaints. Accordingly, we affirm.

**AFFIRMED**