G. J. WATSON, ADMINISTRATOR, *v.* P. M. DOHERTY, TREASURER, ETC.

COUNTY WARRANTS. *Statute of Limitations. Five months for registration. Constitutional law.*

An act of the Legislature, passed on the 31st of January, 1876, to take effect from its passage, entitled "An act to ascertain the outstanding indebtedness of Yazoo County, and for other purposes," which provided that all persons holding unpaid warrants, certificates of indebtedness, or claims of any kind, issued or allowed prior to the first day of January, 1876, against said county, should present the same to the county treasurer on or before the first Monday of July, 1876, to be registered by him in a book kept for that purpose, and that all such warrants, certificates of indebtedness, and claims not presented and registered within the time prescribed should be forever barred, is constitutional and valid.

ERROR to the Circuit Court of Yazoo County.

Hon. S. S. CALHOON, Judge.

A. P. Shepherd, being the holder of a warrant issued on the 11th of October, 1875, by the Board of Supervisors of Yazoo County, filed a petition in May, 1878, for a *mandamus* to compel the county treasurer to pay the same.

The treasurer answered that, by an act of the Legislature, passed on the 31st of January, 1876, to take effect from its passage, entitled "An act to ascertain the outstanding indebtedness of Yazoo County, and for other purposes," it was provided that all persons holding unpaid warrants or other certificates of indebtedness, or claims of any kind, issued or allowed prior to the first day of January, 1876, against Yazoo County, should present the same to the treasurer of said county on or before the first Monday of July, 1876; that it should be the duty of said treasurer, on presentation to him of such warrants, certificates of indebtedness, or claims, to register the same in a book to be kept by him for that purpose; that all warrants, certificates of indebtedness, and claims against said county, issued or allowed as aforesaid, and not presented and registered within the time prescribed by said act, should be forever barred as against said county; and that the treasurer of said county should publish said act in the newspapers of said county, once a week for six successive weeks, prior to the first Monday of July, 1876. The answer averred that said act had been published as therein directed; and that the warrant upon which the petition was based was issued prior to the first day of January, 1876; and that it was not presented for registration before the first Monday of July, 1876, and had never been registered under said act, and was therefore barred.

To this answer the plaintiff filed a demurrer, which was overruled. After the termination of the proceedings in the lower court, the petitioner died, and Watson became administrator of his estate, and sued out the writ of error herein.

*J. C. Prewett*, for the plaintiff in error.

The allowance of the claim of plaintiff in error by the Board of Supervisors was in the nature of a judgment, and

entitled to all the sanctity of a judgment. *Klein* v. *Board of Supervisors of Smith County*, 54 Miss. 254. The authorities in relation to statutes affecting remedies have no application here, for the plaintiff in error wanted no remedy, but had perfected his rights, and had only to receive from the treasurer the money which his warrant called for. The legislative act of 1876 is unconstitutional. *Cox* v. *Marlatt*, 36 N. J. 389 ; Cooley's Const. Lim. (3d ed.) 289 *et seq.*

*Nugent & McWillie*, on the same side.

A statute of limitations, to be constitutional, must give a reasonable time before it bars the rights affected by it. *Stearns* v. *Gittings*, 23 Ill. 387 ; *Berry* v. *Ransdall*, 4 Metc. (Ky.) 292 ; 4 Wheat. 207 ; 3 Pet. 290 ; 2 Greenl. 294 ; 8 Mass. 430 ; Smith's Comm. on Const. & Stat. Law, 407 ; Cooley's Const. Lim. 366. As to what is " reasonable time," see *Harbin* v. *Downing*, 5 B. Mon. 564 ; 4 Metc. (Ky.) 292 ; *Price* v. *Hopkins*, 13 Mich. 324.

*Robert Bowman*, for the defendant in error.

The power of the Legislature to pass statutes of limitation and registry laws affecting subsisting contracts is well settled. *Jackson* v. *Lamphire*, 3 Pet. 280 ; *Ross* v. *Duval*, 13 Pet. 45 ; *Tarpley* v. *Hamer*, 9 Smed. & M. 310. The Legislature has the power to change or amend the remedy for enforcing a contract. *Coffman* v. *Bank of Kentucky*, 40 Miss. 32 ; *Swan* v. *Buck*, 40 Miss. 298. While it is true that a reasonable time is to be allowed, after a statute of limitations takes effect, for the commencement of suits, or enforcement of remedies upon existing causes of action, yet what is a " reasonable time " must be settled by the judgment of the Legislature, the wisdom of whose decision in this matter cannot be inquired of by the courts. Cooley's Const. Lim. (4th ed.) 456 ; *Stearns* v. *Gittings*, 23 Ill. 387 ; *Smith* v. *Morrison*, 22 Pick. 430.

CAMPBELL, J., delivered the opinion of the court.

The act entitled "An act to ascertain the outstanding indebtedness of Yazoo County," etc., passed January 31, 1876

(Sess. Acts, p. 302), was a valid exercise of legislative power. It has an authoritative precedent in the case of *Tarpley* v. *Hamer et al.*, 9 Smed. & M. 310, in which an act passed on the 6th of February, 1841, which deprived precedent judgments of their lien unless, by the 1st of July thereafter, an abstract of such judgments should be filed in the office of the clerk of the Circuit Court of the county in which the property was situated, was held to be constitutional.

The principle on which this decision rests has been repeatedly announced in this court, and has general recognition in the Federal and State courts. It is too well settled to be questioned.

Judgment affirmed.