## LOUISIANA *v.* NEW ORLEANS.

1. The obligation of contracts is impaired by such legislation as lessens the efficacy of the remedy which the law in force at the time they were made provided for enforcing them.

2. A. recovered judgment, in 1874, against New Orleans, upon certain bonds issued by the city in 1854, and sued out an execution, which was returned *nulla bona.* The Act No. 5 of the legislature of Louisiana of 1870 requires that a plaintiff, having an executory judgment against the city, must file a certified copy thereof in the office of the controller, and imposes upon the latter the duty of causing the same to be registered, and of issuing a warrant upon the treasurer for the amount due thereon, without any specific appropriation therefor, &c. *Held,* that so much of said act as requires such filing and registration before A. can procure a warrant in his favor for the amount due, or resort to other means to enforce the payment thereof, does not render less effective his pre-existing remedies, and is therefore not in conflict with the contract clause of the Constitution.

ERROR to the Supreme Court of the State of Louisiana.

Morris Ranger recovered, May 1, 1874, against the city of New Orleans certain judgments. To enforce the collection

of them, he instituted, June 21, 1879, this proceeding, in the name of the State on his relation in the Third District Court of the Parish of Orleans, for a peremptory *mandamus* to compel the mayor and administrators of the city to levy and collect a special tax sufficient in amount to satisfy the judgments.

The following statement of facts signed by the attorneys for the respective parties was filed : —

"1st, That the judgments which are made the basis of this *mandamus* proceeding were rendered for the amounts — principal, interest, and costs — and at the dates stated in the petition, and had for their basis bonds issued by the city of New Orleans in 1854, to the New Orleans, Jackson, and Great Northern Railroad Company, and New Orleans, Opelousas, and Great Western Railroad Company.

"2d, That writs of *fieri facias* were issued on said judgments, and after demand made upon the city were returned *nulla bona,* and that the city has no property liable to seizure and sale.

"3d, That said judgments have never been registered in accordance with the provisions of the act of 1870.

"It is further agreed that this statement of facts is made in lieu of the note of evidence taken at the trial, which has been mislaid."

The remaining facts and the statute bearing upon the case are set forth in the opinion of the court.

*Mr. D. C. Labatt* for the plaintiff in error.

MR. JUSTICE FIELD delivered the opinion of the court.

This case comes here from the Supreme Court of Louisiana. On the 1st of May, 1874, the relator recovered in one of the courts of that State against the city of New Orleans, two judgments, amounting in the aggregate to $170,000, besides costs. Upon these judgments executions were issued and returned unsatisfied, after demand upon the officers of the city to point out property belonging to it subject to seizure, to be levied upon to satisfy the same. The relator thereupon presented a petition to the Third District Court of the Parish of Orleans, setting forth these facts and averring that it was the duty of the mayor and administrators of the city to provide for the pay-

ment of the judgments by levying and collecting a tax for that purpose; but that they refused to do this; and that he was unable to satisfy the judgments by the ordinary process of execution. He therefore prayed for an order upon the mayor and administrators to show cause why a writ of *mandamus* should not issue to compel them to levy and collect a tax to satisfy the judgments.

The order to show cause was granted, and upon its return the respondents filed a peremptory exception to the relator's demand, denying that he was entitled to the relief prayed; but the District Court granted the writ. Its judgment was, on appeal to the Supreme Court of the State, reversed and a decree entered dismissing the petition. The case was then brought here.

The city authorities resisted the demand of the relator for the *mandamus*, on the ground that he had not registered his judgments as required by the provisions of the act No. 5 of 1870. That act divests the courts of the State of authority to allow any summary process or *mandamus* against the officers of the city of New Orleans to compel the issue and delivery of any order or warrant for the payment of money, or to enforce the payment of money claimed to be due from it to any person or corporation; and requires proceedings for the recovery of money claimed to be owing by the city to be conducted in the ordinary form of action against the corporation, and not against any department, branch, or officer thereof. The act also provides that no writ of execution or *fieri facias* shall issue against the city, but that a final judgment against it, which has become executory, shall have the effect of fixing the amount of the plaintiff's demand, and that he may cause a certified copy of it, with his petition and the defendant's answer and the clerk's certificate that it has become executory, to be filed in the office of the controller, and that thereupon it shall be the duty of the controller or auditing officer to cause the same to be registered, and to issue a warrant upon the treasurer or disbursing officer of the corporation for the amount due thereon, without any specific appropriation therefor, provided there be sufficient money in the treasury specially designated and set apart for that purpose in the annual budget or detailed statement of

items of liability and expenditure pursuant to the existing or a subsequent law.

The act further provides that in case the amount of money designated in the annual budget for the payment of judgments against the city of New Orleans shall have been exhausted, the common council shall have power, if they deem it proper, to appropriate from the money set apart in the budget or annual estimate for contingent expenses, a sufficient sum to pay the same; but if no such appropriation be made, then that all judgments shall be paid in the order in which they shall be filed and registered in the office of the controller of the city from the first money next annually set apart for that purpose.

The Supreme Court of the State, whilst observing that the act might contain provisions which, if invoked, would be considered unconstitutional, held that, so far as it required the registry of judgments before payment, it was valid; that this requirement was a wise and useful provision, tending to restrain and check the reckless levy of taxes, and affording in a compact form a correct knowledge of the city's liabilities; that it was made in the interest of economy and the orderly conduct of the city's affairs, and neither took away any pre-existing right nor rendered less effective any pre-existing remedies, and that the relator was, therefore, premature in his action; that he should first register his judgments, and then, if payment was not made or adequately provided for in the next levy, he might proceed to enforce it.

The relator, on the other hand, assails the constitutionality of the act in question, contending that it impairs the obligation of his contracts with the city, the validity of which by the judgments thereon is not open to question, in that it compels him to do acts, preliminary to the payment of his judgments, not required when the contracts were made, and deprives him of his remedy by *mandamus;* and cites numerous decisions of this court, and of the State courts, upon the nature and extent of the constitutional inhibition against the impairment of contracts by State legislation. These decisions are familiar to us.

The obligation of a contract, in the constitutional sense, is the means provided by law by which it can be enforced, — by which the parties can be obliged to perform it. Whatever

legislation lessens the efficacy of these means impairs the obligation. If it tend to postpone or retard the enforcement of the contract, the obligation of the latter is to that extent weakened. The Latin proverb, *qui cito dat bis dat*, — he who gives quickly gives twice, — has its counterpart in a maxim equally sound, — *qui serius solvit, minus solvit*, — he who pays too late, pays less. Any authorization of the postponement of payment, or of means by which such postponement may be effected, is in conflict with the constitutional inhibition. If, therefore, we could see that such would be the effect of the provision of the act of the State, No. 5 of 1870, requiring judgments to be registered with the controller before they are paid, we should not hesitate to declare the provision to be invalid. But we are not able to see anything in the requirement which impedes the collection of the relator's judgments, or prevents his resort to other remedies, if their payment be not obtained. The registry is a convenient means of informing the city authorities of the extent of the judgments, and that they have become executory, to the end that proper steps may be taken for their payment. It does not impair existing remedies.

We do not know, from anything in the record before us, that there are any other judgments against the city of New Orleans than the two obtained by the relator, or that the city is indebted in any other sum; nor can we say that there are not ample means already in the treasury of the city for their payment, and that, upon their registry, a warrant for the amount will not be at once issued and paid. If the money be already in the treasury appropriated for their payment, or if provision be made for the levy and collection of taxes sufficient to pay them, it cannot be justly said that the relator is delayed in enforcing them by being required to place a certified copy of the judgments with the controller of the city before getting a warrant on its treasury for the amount due him. If such warrant, when obtained, be not paid, or provision be not made for its payment upon the meeting of the city council, the relator can pursue further remedies for the collection of his judgments.

*Decree affirmed.*