### No. 8465.

### SAMUEL BROWNE vs. THE CITY OF NEW ORLEANS.

The holder of past due bonds and coupons of interest for several years, issued under an Act requiring the City annually to levy and collect a tax for the interest of each current year and a certain proportion of the principal, cannot, in the same action, obtain a judgment for the amount of his demand, and an order to compel the City officers to levy and collect a tax sufficient to pay the same. His monied judgment must be registered as required by Act 5 of 1870, as a condition precedent to other proceedings for satisfaction thereof.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

---

*Chas. F. Claiborne* for Plaintiff and Appellee:

A law which makes it the duty of City Administrators to appropriate a sum sufficient to pay bonds, makes it their duty to levy that sum by taxation if they are without other means. 34 An. 477.

A money judgment may be obtained, and an order to levy a tax to pay it granted in the same proceeding.

Louisiana State Courts abhor the subtle distinctions of common law practice, and especially the difference between courts of law and of equity.

Contract creditors are entitled to the rate of taxation existing at the date of their contract. 34 An. 482.

*C. F. Buck*, City Attorney, and *Wynne Rogers* for Defendant and Appellant:

All matters pertaining to the payment of judgments can only be urged in execution after judgment decreeing amount due is final.

Registry of judgments against the City of New Orleans, according to the provisions of the second section of Act No. 5, Session Acts 1870, E. S , is an essential prerequisite to proceedings in execution. State ex rel. Morris Ranger vs. City, 32 An. p. 493 ; Louisiana vs. New Orleans, 102 U. S , p. 203.

The opinion of the Court was delivered by

FENNER, J. Plaintiff, as holder of past due bonds and coupons issued under Act 100 of 1871 and Act 49 of 1869, brought this direct action against the City, demanding judgment for the amount of his debt, and, at the same time, commanding the Mayor and Administrators to recognize his claim, to place it on the budget, and to levy and collect a sufficient tax to pay the same.

From a judgment granting the entire relief asked, the City appeals, and contends here, that the portion of the judgment ordering the budgeting of the judgment and the levying of a tax to pay it, should be annulled and reversed.

The contention of plaintiff, that the judgment merely awards specific performance of his contract, cannot be sustained. The laws referred to and embodying that contract did authorize and require an annual appropriation and taxation sufficient to meet the interest for the current year and a certain proportion of the principal of the bonds. But they did not impose any specific duty on the City to levy and collect in one year a sum sufficient to pay the principal and accumulated interest for several years, of the bonds. The plaintiff has let go by the periods at which the specific duties imposed by the contract might have been performed, and specific performance is no longer possible.

Plaintiff's rights now are simply to sue and recover judgment for the amount due him, and to enforce the satisfaction of that judgment according to law.

Whatever means of enforcement he may be entitled to, it is now settled that, before resorting to any, his judgment must first be registered as required by Act No. 5 of 1870. State ex rel. Ranger vs. New Orleans, 32 An. 493 ; Louisiana vs. New Orleans, 102 U. S, 203.

We express no opinion as to what may be his right to require satisfaction by taxation ultimately and after compliance with legal requirements. It was error in the judgment appealed from to grant such relief at this time.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be amended by striking therefrom all that portion which condemns the defendants to place the plaintiff's claim on the budget, or to assess, levy and collect any tax for the satisfaction of the same ; and that, in all other respects, the judgment be affirmed, plaintiff and appellee to pay costs of this appeal.