Rousseau vs. City.

## No. 8680.

ALFRED ROUSSEAU, EXECUTOR, VS. THE CITY OF NEW ORLEANS.

35 557
51 1148

It having been held by the Supreme Court of the United States and by this Court, that Act No. 5 of 1870, in so far as it took away the judicial power to enforce the satisfaction of judgments by the writ of mandamus compelling the City of New Orleans to levy taxes, within lawful limitations for that purpose, was unconstitutional as against prior contract creditors, that law stands as if it contained no such provision. The substantial and chief remedy existing at the date of the contract being thus left intact, that portion of the law which prohibits writs of *fi. fa.* against the City is a mere modification of the remedy within the legislative discretion and not of sufficient gravity to impair the obligations of the contract.

A PPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

*Alfred Grima* for Plaintiff and Appellant:

The provisions of Act No. 5 of the Extra Session of the legislature of 1870, restricting the issue of the writ of *fieri facias* against the City of New Orleans to enforce the payment of any judgment for money against it, cannot be constitutionally extended to the case of a contract judgment, or a judgment enforcing an obligation contracted by the City previous to the passage of the said Act. Cooley's Const. Lim. 289, 290; 103 U. S. 358; 96 U. S. 595; 13 Wall. 653; 32 An. 409, 709, 726, 886.

When a vacant lot is formed by the intersection of three streets laid out by the City of New Orleans, and is part of a larger tract formed by alluvion, and the said lot is not dedicated to any public use, and is of no utility to commerce, and not adapted to any public purpose, the same is liable to be seized at the suit of creditors of the City, on a judgment enforcing an obligation of the City contracted previous to the passage of Act No. 5 of the legislature of 1870, (Extra Session). 2 Dillon's Munic. Corp., §445; 6 Martin's, 216; 5 La. 132, 200, 201; 8 Rob. 211; 7 An. 270; 23 An. 61; 102 U. S. Repts. 518, 530.

*C. F. Buck*, City Attorney, for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J. The plaintiff in this case, under a judgment against the City of New Orleans, caused a writ of *fieri facias* to issue, and seized thereunder a certain vacant lot belonging to the City.

The City applied for and obtained an injunction resting the application on two grounds:

1. That execution in the manner attempted, by means of the writ of *fi. fa.* against the City of New Orleans, is prohibited by Act No. 5 of the Extra Session of 1870.

2. That the ground seized is *locus publicus* and not liable to seizure.

The plaintiff claims that the provisions of Act No. 5 of 1870, prohibiting the issue of the writ of *fi. fa.* against the City of New Orleans, cannot be applied to the case of a judgment enforcing the obligation of a contract entered into by the City prior to the passage of said Act.

The judgment sought to be executed was rendered after the passage of the Act. This Court has heretofore held, in an analogous case, that

the law regulating the execution of judgments in force at the time when judgment in a particular case is rendered must govern in that case. Carnes vs. Parish of Red River, 29 An. 608, citing Scott vs. Duke, 3 An. 253 and Com. Bk. vs. Markham, Id. 698.

We think it unnecessary, however, to affirm the principle of those cases; for our decision here may rest on broader grounds.

The Act of 1870 assumed to divest the courts of power to issue mandamus against the City of New Orleans, and also prohibited the issue of writs of *fi. fa.* against her, and substituted for all existing remedies for the execution of judgments a new and peculiar mode of execution. That portion of the Act which took away the judicial power to enforce the satisfaction of judgments by the writ of mandamus compelling the City to levy taxes, within its lawful authority, for that purpose, has been held by the Supreme Court of the United States and by this Court to be unconstitutional, in so far as it affects judgments rendered on contracts entered into prior to its passage. Louisiana vs. New Orleans, 102 U. S. 203; Wolff vs. Same, 103 U. S. 358; State ex rel. Ranger vs. New Orleans, 34 An. 1149.

This remedy, therefore, remains intact and, such being the case, the question is here presented, whether that part of the Act prohibiting writs of *fi. fa.* against the City must also be held unconstitutional. Both these remedies co-existed at the date of plaintiff's contract. The writ of *fi. fa.*, as a mode of enforcing judgments against municipal corporations, is a remedy infrequent, inefficient and rarely applicable. The property of such corporations is usually of a character which exempts it from such process. It is strenuously contended in this very case, and is perhaps a question not free from doubt, that the City of New Orleans is incapable of holding any property which could be subjected to a writ of *fi. fa.* Dillon Munic. Corp. Sec. 446; Chicago vs. Hasley, 25 Ill. 595.

At all events, in the nature of things, the writ of *fi. fa.* was a remedy which could only be, rarely and exceptionally, effectual or beneficial.

The usual and ordinary source to which creditors of a municipal corporation look for satisfaction of their debts is the power of taxation. The potent and substantial remedy for the enforcement of municipal obligations is to be found in the compulsory exercise of that power within its lawful limitations.

So long as this principal and substantial remedy is left to the creditor, the question is whether the prohibition of the writ of *fi. fa.* destroys or, to such an extent, abrades his remedy, as to impair the obligation of his contract.

We are satisfied that it does not.

"Whatever belongs to the remedy," says Cooley, "may be altered

according to the will of the State, provided the alteration does not impair the obligation of the contract; and it does not impair it, provided it leaves the parties a substantial remedy according to the course of justice as it existed at the time the contract was made." Cooley Const. Lim. p. 286 and numerous authorities there quoted.

The case falls squarely under the authority of Mason vs. Haile, 12 Wheat. 374, where the Court upheld, against a prior contract creditor, the constitutionality of a law abolishing the remedy of imprisonment for debt, saying: "such laws act merely upon the remedy, and that in part only. They do not take away the entire remedy, but only so far as imprisonment forms a part of such remedy."

This view disposes of the case and renders consideration of other points unnecessary.

Judgment affirmed at appellant's cost.

Poché, J.   I concur in the decree.