JAMES PRIESTLY, TREASURER, *v.* E. WATKINS.

REGISTRATION. *County bonds. Conditions. Statute of limitations. Unconstitutional statutory provisions.*

Where an act of the legislature requires that the holders of all outstanding bonds of a specified county shall present the same for registration by the clerk of the board of supervisors within a prescribed time, and shall simultaneously file an affidavit "stating the number of each bond, the date of its issuance, the amount thereof, and the names of the different persons through whom the holder derives his title," and provides that, "unless such affidavit is filed the said clerk shall not register the same, and payment of all interest or principal thereof shall be stopped," such act is, as to valid bonds of the county, payable to bearer and not due, unconstitutional and void, because it violates, in two particulars, that provision in the State and Federal constitutions, respectively, which protects from impairment the obligations

of contracts, viz.: (1) in creating a statute of limitations against bonds not due and upon which no cause of action has arisen, and (2) in requiring an affidavit showing the holder's chain of title to bonds payable to bearer, thus engrafting conditions and imposing burdens upon the contract not contained in it nor contemplated by the parties to it.

APPEAL from the Circuit Court of Copiah County.

HON. T. J. WHARTON, Judge.

Mrs. E. Watkins, on the 27th of April, 1885, filed a petition against James Priestly, treasurer of Madison County, in the following language :

"Your petitioner would show that she is the holder and owner of a certain bond of Madison County, of the denomination of five hundred dollars, said bond being numbered '202,' and was issued by said county in aid of the Vicksburg, Canton and Yazoo City Railroad Company, and bears seven per cent. interest from date until maturity, said interest being payable semi-annually on the 1st of December and 1st of June of each year ; and that said bond is not due and payable until June 1, 1892 ; that said bond was issued on the 5th day of August, 1873, under and pursuant to an order of the Board of Supervisors of Madison County, at a meeting of said board held on the 27th day of April, 1872, directing a subscription in the sum of two hundred and fifty thousand dollars to the capital stock of the Vicksburg, Canton and Yazoo City Railroad Company, and authorized by a vote of the people of said county at a special election held on the 30th day of March, 1872, under an act of the legislature of said State, entitled 'An act to incorporate the Vicksburg, Canton and Yazoo City Railroad Company,' approved March 21, 1871 ; that said bond is payable to the Vicksburg, Canton and Yazoo City Railroad Company or bearer, and is signed by the president and the clerk of the Board of Supervisors of Madison County. Petitioner acquired said bond by purchase, for value and in good faith. The interest on said bond is payable in semi-annual installments, evidenced by certain coupons attached to said bond, each coupon bearing a number corresponding with the number of said bond and expressing the amount of interest and when the same is due. The said coupons were forty in number,

for seventeen dollars and fifty cents each, the last being due and payable on the 1st of June, 1892 ; and said coupons have heretofore béen paid upon presentation of the same to the County Treasurer of Madison County.    Petitioner would further show that six months' interest was due her on said bond on the 1st of December last and is still due, and that on the — day of March, 1885, she presented to James Priestly, the treasurer of said county, whose duty it was to pay the same, the coupon—a copy of which is herewith filed—calling for seventeen dollars and fifty cents interest due petitioner on her said bond, and demanded that the said treasurer pay the same; but the said treasurer wrongfully refused and still refuses to pay the said petitioner the sum of money due her on said coupon or any part thereof.    Petitioner avers that it is the duty of said treasurer to pay said coupon ; that his failure and refusal to pay the same is a violation of his duty to your petitioner ; and that petitioner has no plain and adequate and speedy remedy against said treasurer in the ordinary course of law, and she therefore prays that said James Priestly be summoned to appear and answer this petition and show cause why he shall not at once pay said coupon, and that upon his failure so to do a writ of *mandamus* issue against said treasurer directing and commanding him to pay the same."

The defendant answered, stating in substance that the petitioner had failed to make and file an affidavit and present her bond for registration, as required by an order of the board of supervisors made in April, 1884, in pursuance of § 1 of an act of the legislature approved March 15, 1884, which section is in the language following :

" *Be it enacted by the legislature of the State of Mississippi,* That the Board of Supervisors of Madison County shall at their first meeting after this act goes into effect, or as soon thereafter as practicable, enter an order on the minutes of the board directing and requiring all persons now holding outstanding bonds of said county to bring the same forward to be registered by the clerk of the said board in a book to be provided by the board for that purpose, and to make affidavit of their title to said bonds and file the same with

the said clerk, in which affidavit shall be set forth the number of each bond, the date of its issuance, the amount thereof, and the names of the different persons through whom the holder derives title ; and unless such affidavit is filed the said clerk shall not register the same, and payment of all interest or principal thereof shall be stopped ; and said order of said board shall require the registration, as aforesaid, of the bonds of said county within six months after date of the order aforesaid ; in said order the said board shall require the clerk of the board to give notice of the same by advertising the same in some newspaper published in the said county, and by mailing a copy of the said notice to the address of each person who collected coupons payable for the interest of 1883 ; and when said bonds are presented with the affidavits above required, it shall be the duty of the clerk to enter the same in a well-bound book to be provided by said board for such purpose, setting down the kind, amount, date, and number of each bond, the name of the person to whom issued and of the person holding the same at the time of such registration, and of all intermediate holders of each bond, and he shall file and carefully preserve the several affidavits made by the bondholders ; and when said bonds are so entered, the said clerk shall indorse on each one thereof the word ' Registered ' and the date thereof, and sign the same as clerk of said board."

The case was tried upon an agreed statement of facts containing an admission by the defendant of the allegations of the petition, and an admission by the plaintiff that she had failed to comply with the order of the board of supervisors requiring the registration of her bond. The court declared the statute relied upon by the defendant to be unconstitutional and void so far as it may operate against the petitioner's bond, and directed the defendant to pay the past-due coupon. From such judgment the defendant appealed to this court.

This proceeding was instituted in the Circuit Court of Madison County, but, by agreement of the parties, was transferred to the Circuit Court of Copiah County.

*J. L. Harris,* for the appellant.

The act under consideration is constitutional. It may be described

62 MISS.—51

as a conditional limitation act and also a registry act. It does not retard the enforcement of the contract or authorize the postponement of payment or in any manner affect the petitioner's remedy, except that it requires her to do acts preliminary to payment which the security of the taxpayers demand. It imposes no new conditions on the *rights* of the parties, but prescribes preliminary acts to the enforcement of those rights. It is left to the discretion of the holder whether he will pursue his rights under the contract, but a duty is imposed on him, if he would preserve them, which the interests of the community demand he shall perform.

A law similar to this first came under consideration in *Jackson* v. *Lamphire*, 3 Peters 280. In that case the court held that it was within the power of the State of New York to pass recording acts, by which the elder grantee shall be postponed to the younger if the first deed is not recorded within a limited time, *and that the power is the same whether the deed is dated before or after the recording act.* Careful examination will show that this case is identical almost with the one at bar.

Following this decision our own supreme court, in *Tarpley* v. *Hamer et al.,* 9 S. & M. 310, held an act of February, 1841, was constitutional which provided that judgments and decrees theretofore rendered should be liens from the date of rendition upon property out of the county where the judgment was obtained, on condition that an abstract of such judgment should by the first of July following (only five months) be filed in the office of the circuit court of the county in which it was situated, notwithstanding previous to the passage of the act such judgment was a lien on *all* the property of the defendant in the State.

In delivering the opinion the Chief Justice, Sharkey, said : " The act effects no change absolutely against the consent of the creditor, and it rests upon the same principle which authorizes the legislature to pass limitation laws to operate on subsisting contracts and registry laws and to operate on existing conveyances, giving in each case a reasonable time within which the effect of the statute may be avoided." See also 13 Georgia 1 ; 7 Louisiana R. 301 ; 2 Howard S. C. 608 ; 13 Peters 45 ; 102 U. S. 203.

In *Watson* v. *Doherty,* 56 Miss. 629, the supreme court held an act of January 31, 1876, constitutional which provided that all persons having claims of any kind against Yazoo County, allowed prior to January 1, 1876, should present the same to the treasurer to be registered by the July following or be forever barred.

The only difference between this case and the one at bar is that here the claims barred were due, and in the case at bar they are to become due, the interest semi-annually and the principal in 1892.

Is there any difference in principle between registry and conditional limitations acts as applied to demands due and those to become due ? It is frequently desirable for claims to be registered in advance of their maturity that taxes may be levied to pay them when due, and in this case it is important that the bonds be registered to prevent a fraud on the taxpayers. The State has the right to require all persons to file their demands in advance of their maturity in order that funds may be raised to meet them, and it has the right to have these demands accompanied by proof that they are genuine. Upon this point see *Louisiana* v. *New Orleans,* 102 U. S. 206.

*J. L. Harris* also made an oral argument.

*J. B. Harris,* for the appellee.

It is not my intention to question the power of the legislature to pass limitations acts, acts affecting the remedy or registry or recording acts under proper conditions.

But the act now in question is in no sense a limitation act. It does not relate to the remedy, but acts entirely and directly upon the unbroken contract.

It is not a limitation act, because the bonds are not due. It does not relate to the remedy, because the remedy only acts on a contract broken. Story on Const., § 1385 ; Cooley on Const. Lim. ; 12 Wheaton 203.

The act is aimed squarely at the contract and destroys it entirely if the new condition imposed by it is not performed.

" The obligation of a contract consists in its binding force on the party who makes it. This depends on the laws in existence when it is made. These are necessarily referred to in all contracts,.

becoming part of them as the measure of the obligation to perform them by the one party and the right acquired by the other. There can be no *other standard* by which to ascertain the extent of either than that which the *terms* of the contract indicate, according to their settled legal meaning when it becomes consummated. The law defines the duty and right—compels one party to perform the thing contracted for, and gives the other a right to enforce the performance by *the remedies then in force.* If any subsequent law affects to diminish the duty or to impair the right, it necessarily bears on the obligation of the contract in favor of one party to the injury of the other; hence, any law which in its operation amounts to a denial or obstruction of the rights accruing by a contract, though professing to act on the remedy only, is directly obnoxious to the prohibition of the constitution." See Cooley on Const. Lim., 5th ed., 346 ; see leading case of *McCracken* v. *Haywood*, 2 How. U. S. 608.

" It is perfectly clear that any law which enlarges, abridges, or in any manner changes the intention of the parties, resulting from the stipulation in the contract, necessarily impairs it. The manner or degree in which this change is effected can in no respect influence the conclusion, for whether the law affect the validity, the construction, the duration, the discharge, or the evidence of the contract, it impairs its obligation, though it may not do so to the same extent in all the supposed cases. Any deviation from the terms, by postponing or accelerating the period of performance which it prescribes, *imposing conditions not expressed* in the contract, or dispensing with the performance of those which are a part of the contract, however minute or apparently immaterial in their effect upon it, impairs its obligation." Story on the Const., § 1385.

In the light of the above authorities it is unnecessary to resort to argument to show the court that the act under consideration is a void act. It violates every principle and every rule laid down.

The act in question is more than a registration act. It requires the holder of a bond to deraign title as a condition precedent to registration. It imposes a condition which may be impossible of

performance, and which the legislature has no right to impose upon an unbroken contract.

*J. B. Harris* also argued the case orally.

ARNOLD, J., delivered the opinion of the court.

. If the statute relied on by appellant were a mere registry law or statute of limitations, as usually understood and applied, requiring bonds against the county to be registered within the period designated, its validity could be maintained with the confidence and ease with which "decision travels on the highway of precedent." *Tarpley* v. *Hamer,* 9 S. & M. 310; *Watson* v. *Doherty,* 56 Miss. 628; *Louisiana* v. *New Orleans,* 102 U. S. 203.

In *Watson* v. *Doherty, supra,* an act of the legislature was upheld as a statute of limitations which provided that all warrants, certificates, indebtedness, or claims of any kind against Yazoo County previously issued or allowed should be barred unless registered in a specified time. But it did not appear in that case that there was any claim against the county not due at the time the statute was passed or that the application of the statute to any claim against the county would violate the terms of the contract as to when it should mature or otherwise, and no extraordinary requirements were made conditions precedent to the registration of claims against the county.

In the case at bar the bonds involved by their very terms do not mature until 1892. Prior to that time the holder could not sue on them, and no statute of limitations can be applied to them. A proceeding which not only subjects but absolutely extinguishes the bonds by a statute of limitations before their maturity varies the terms of the contract made between the parties and impairs its obligations.

The statute under consideration, in addition to requiring all persons holding bonds against the county to present them to the clerk of the board of supervisors of the county for registration within six months from the date of an order made in that behalf by the board, also provides that the holders of such bonds shall make affidavit of their title to the same, in which affidavit shall be set forth, among

other things, "*the names of the different persons through whom the holder derives title*," and that unless such affidavit is made and filed the bonds shall not be registered and payment of the same and interest thereon shall be stopped.   Acts of 1884, 321.

A bond payable to bearer is an express contract by the obligor to pay the amount specified to whoever may become the *bond fide* holder thereof, and to require the holder of a bond payable to bearer and passing by delivery, more than ten years after its issuance, to exhibit and make oath to the names of the different persons through whom his title is traced, and to forfeit payment of the bond in case he is unable or for any cause fails to do so, imposes conditions and burdens on the contract obnoxious to the mandate of the constitution of the State, that "no law impairing the obligation of contracts shall ever be passed," as well as to that of the Constitution of the United States, that "no State shall pass any law impairing the obligation of contracts."

The power of the State to regulate by reasonable and appropriate legislation the remedy, the time, the forms, and the rules of evidence for the collection of debts and the enforcement of contracts is not controverted; but it is affirmed that any statute which varies the terms of a contract, or denies a remedy for its enforcement, or defeats or obstructs the rights accruing under it, or encroaches in any degree on its obligation or the law which binds the parties to perform their agreement, is prohibited, both by the constitution of the State and of the United States.   Against all assaults of this nature, no matter what form or complexion they may assume, the contract is shielded by the constitution.   *McCracken* v. *Hayward*, 2 How. U. S. 608 ; *Planters' Bank* v. *Sharp*, 6 Ib. 301, 327 ; *Hoffman* v. *City of Quincy*, 4 Wall. 535 ; *Walker* v. *Whitehead*, 16 Wall. 314 ; Pomeroy, Const. Law, 382–392, 395–404 ; Cooley, Const. Lim., 5th ed., 346–356.

The statute invoked by appellant is unconstitutional and void.

*The judgment is affirmed.*