## BANGOR SAVINGS BANK *v.* CITY OF STILLWATER.

*(Circuit Court, D. Minnesota, Third Division.* March 31, 1892.)

**MUNICIPAL INDEBTEDNESS—INVALID NEGOTIABLE CERTIFICATES—MONEY HAD AND RE-CEIVED.**

> Where negotiable certificates of indebtedness issued by a city have been sued upon by the payee, and declared invalid for want of power to issue negotiable instruments, the payee may maintain an action for money had and received, provided the city had power to make the contract out of which the indebtedness arose; and the fact that the payee was not a party to that contract is immaterial when the certificates were issued to him at the request of the contractor, and the money was received by the city and paid over to the contractor.

At Law. Action by the Bangor Savings Bank against the city of Stillwater for money had and received. On demurrer to amended complaint. Overruled.

F. H. Lemon & Co. made a contract December 21, 1887, with the city of Stillwater, whereby they agreed to "vest" title in the city to two strips of land, each 50 feet wide, and to widen Main street 50 feet a certain distance, and to do all the excavating and filling that may be necessary to reduce the 50 feet to the present grade, and to secure the relocation of certain railroad tracks and certain sewer privileges. For the services to be performed and the land so acquired the city agreed to vacate and abandon certain condemnation proceedings, and vacate and surrender all its right to certain parts of Laurel, Cherry, and Linden streets; and, furthermore, on the completion of the contract by Lemon & Co., to pay them $21,250, in three certificates of indebtedness, to become due, respectively, on July 1, 1889, July 1, 1890, and July 1, 1891. Subsequently, on October 27, 1888, the certificates of indebtedness were issued to the Bangor Savings Bank as payee, reciting on their face that they were so issued at the request of Lemon & Co., and that a resolution of the city council was passed, and duly approved by the mayor, authorizing the making and delivering of the certificates to the bank. An action to recover on the certificates failed for the want of power in the city to issue them. Suit is now brought for the money paid to the city of Stillwater, the certificates having been decided illegally issued. A demurrer to the complaint is interposed.

*Sanders & Bowers* and *Owen Morris,* for plaintiff.

*Fayette Marsh,* for defendant.

NELSON, District Judge. It is the settled doctrine that if a municipal corporation has received money for an authorized purpose, derived from the issue of illegal and void bonds, and has applied it to that purpose, an action will lie as for money had and received, although the corporation had no authority to issue the bonds. *Louisiana* v. *New Orleans,* 102 U. S. 204; *Chapman* v. *County of Douglas,* 107 U. S. 348, 2 Sup. Ct. Rep. 62; *Hitchcock* v. *Galveston,* 96 U. S. 341. The contract with Lemon & Co. was valid. It was within the scope of the chartered powers of the city of Stillwater. (See Judge THAYER's opinion in this case,

v.49F.no.9—46

46 Fed. Rep. 899, citing City Charter, c. 8, § 2, etc.) The city certificates are in the hands of the payee, and contain a recital that they were issued in consideration of the performance of the Lemon & Co. contract. The observation of Justice STRONG in *Hitchcock* v. *Galveston*, 96 U. S. 341, forcibly applies. In that case the city of Galveston made a contract with Hitchcock & Co. to pave streets. The charter gave the city power to contract for this purpose, but the city agreed in the contract to pay for the work in negotiable city bonds, payable at a future day. There was no express power under the charter to issue bonds for this purpose. The court, *inter alia*, said:

"It is enough for them [the plaintiffs] that the city council have power to enter into a contract for the improvement of the sidewalks; that such contract was made with them; that under it they have proceeded to furnish material and do work, as well as assume liabilities; that the city has received and now enjoys the benefit of what they have done and furnished; that for these things the city promised to pay; and that, after having received the benefit of the contract, the city has broken it. It matters not that the promise was to pay in a manner not authorized by law. If payment cannot be made in bonds, because their issue is *ultra vires*, it would be sanctioning rank injustice to hold that payment need not be made at all."

There is a striking similarity in the above case and the one at bar. It is true that in the former the action was brought by a party to the contract with the city, but that fact does not change the principle involved. The demurrer interposed to the complaint in this case admits the contract made with Lemon & Co., its performance by them, and that the certificates, drawing interest, and payable at a future day, were issued to plaintiff in consideration of the performance by Lemon & Co. of its contract with the city. The counsel for the defendant has very forcibly presented his views, which must prevail, unless the contract with Lemon & Co. was authorized under the charter. Having determined that the city could lawfully make the contract, and by the demurrer the receipt of the money being admitted, and the use of it in payment on the contract, I am constrained to overrule the demurrer, with leave to the defendant to answer in 20 days; and it is so ordered.