(11 Misc. Rep. 487.)

### SHEEHAN v. TREASURER OF LONG ISLAND CITY.

(Supreme Court, Special Term, Queens County. February, 1895.)

1. MANDAMUS—TO MUNICIPAL OFFICERS—WHO MAY OBTAIN.
   A contractor to do work for a city under a statute providing for the issue of bonds by the city officers to pay therefor may compel the issuance of such bonds by mandamus.
2. CONSTITUTIONAL LAW—OBLIGATION OF CONTRACTS — AMENDING STATE CONSTITUTION.
   The constitutional amendment which took effect January 1, 1895, prohibiting any city from incurring an indebtedness exceeding 10 per cent. of the value of the real estate within its limits, does not affect contracts previously entered into by which a greater indebtedness will be incurred, as state constitutions are "laws," within the provision of the federal constitution that no state shall pass laws impairing the obligations of contracts.

3. SAME—CONSTRUCTION.
     The provision of the amended constitution, which took effect January 1, 1895, declaring that "all indebtedness" incurred by any city in excess of the limitation imposed thereby, except such as may now exist, shall be absolutely void, does not apply to existing contracts by which a greater indebtedness will be incurred, the word "indebtedness" being used in the sense of "obligation."

Application by John C. Sheehan for a writ of mandamus to the treasurer of Long Island City.   Granted.

Browne & Sheehan (Edw. Browne, of counsel), for the motion.
Charles E. Seward, Corp. Counsel, and Mr. Foster, opposed.

GAYNOR, J.   By act of chapter 644 of the Laws of 1893, a commission of five persons was created to do a general municipal improvement in Long Island City.   These commissioners entered into a contract with the petitioner whereby he agreed to construct certain trunk sewers, the contract providing that he should be paid in installments as the work progressed.   The act provides that to pay for the doing of such improvements the mayor and common council shall, upon the requisition of the said general improvement commission, issue bonds of the city, which shall be signed by the mayor and city clerk, and attested by the city treasurer, and have the corporate seal.   It is required that such bonds be issued in separate series of not more than $50,000, or such part of that sum as may be required for any particular improvement; that the first series shall grow due in five years, and each subsequent series at least one year later than its predecessor, and that each bond show on its face the improvement it is used for.   It is provided that the bonds shall be sold by the treasurer under the direction of the mayor at not less than par, and that the proceeds shall be received by the treasurer, and paid out on the requisition of the said general improvement commissioners approved by the mayor.   The act does not require that the bonds be sold by public advertisement or competition, being silent on that head.   The sum of $4,473.20 became due to the petitioner upon his contract on December 31, 1894, and the said general improvement commissioners made and signed a requisition on the city treasurer therefor, which the mayor approved.   To meet the payment on the said contracts, as they should become due, the city treasurer advertised for bids for eight series of bonds, beginning with the first series, and aggregating $385,000.   The notice stated that the purchaser might pay for the bonds in installments, "as the money may be required to pay for the improvements."   The petitioner and another, acting together, offered to take them all at par on the said terms, and the offer was accepted by the treasurer, under the direction and approval of the mayor.   On the 1st of January, 1895, the treasurer who made said contract of sale was succeeded by the present treasurer; and though an installment of the bonds so sold had been signed by the mayor and city clerk and sealed, as required by the statute, the said treasurer refuses to attest them, as required by the statute, and deliver them to the purchaser.   The petitioner has no way to

get paid the amount of the said requisition for the amount due him except out of the proceeds of the sale of the said bonds. He, therefore, has standing under his said contract to do public improvements to make this application for a mandamus to compel the city treasurer to attest and deliver the contract of sale. He stands before the court in the other capacity of joint purchaser of the bonds, which might entitle him to make this application; but his capacity of creditor is enough. The counsel to the city appeared in opposition, and does not dispute the facts, and, though he is by law the official adviser of the treasurer, that official was represented upon the hearing by other counsel, who submitted an affidavit by him; but, every material statement of fact in it being upon information and belief, it has to be disregarded under a settled rule. People v. Common Council of Brooklyn, 77 N. Y. 503. It is doubtful, however, under a recent decision of the court of appeals, if the treasurer could be heard to question the character of the work or the amount due, his duties being purely ministerial. People v. City of Syracuse, 144 N. Y. 63, 38 N. E. 1006. There being, therefore, no dispute of facts, a peremptory writ must issue, unless the constitutional objection urged is good.

The constitutional amendment which went into effect on January 1, 1895, contains a provision prohibiting any city or county from incurring indebtedness exceeding 10 per cent. of the assessed value of taxable real estate within its limits except for the supply of water. It is urged that the issue of these bonds will exceed the limit, but the constitutional provision which the new one supersedes applies only to cities of over 100,000 inhabitants, and the counties in which they are situated. The petitioner's contract to do public work was made under this former provision, and under the guaranty of a statute providing, as we have seen, for·the issue and sale of city bonds to pay the contract price, which statute must be deemed part and parcel of its contract; and the obligations secured to him by such contract cannot be impaired by the subsequent amendment to the state constitution, for that would be in violation of the prohibition in the federal constitution against the impairment of contracts by any state law. Article 1, § 10; Von Hoffman v. City of Quincy, 4 Wall. 535; Hawthorne v. Calef, 2 Wall. 10; Louisiana v. New Orleans, 102 U. S. 203; Wolff v. New Orleans, 103 U. S. 358. Furthermore, the new amendment to the state constitution excepted existing contracts. The words are: "And all indebtedness in excess of such limitation, except such as may now exist, shall be absolutely void." The word "indebtedness" here must be construed to be as broad as the word "obligation," in view of the aforesaid provision of the federal constitution. The motion is granted.