## UNITED STATES ex rel. KERR v. CITY OF NEW ORLEANS et al.

(Circuit Court of Appeals, Fifth Circuit. October 7, 1902.)

No. 1,128.

1. COURTS—UNITED STATES CIRCUIT COURT—JURISDICTION—JUDGMENT—MANDAMUS TO ENFORCE.

The circuit courts of the United States have power to issue writs of mandamus in aid of an existing jurisdiction only; and when such writs are issued to enforce a judgment of the circuit court the jurisdiction cannot be enlarged to enforce a judgment of the state court, though such judgment was the foundation of the action in the circuit court.

2. SAME—JUDGMENT AGAINST MUNICIPALITY—FILING WITH COMPTROLLER—NECESSITY.

Laws La. 1870, Act No. 5, denies the power of courts to issue writs of execution or fieri facias against the city of New Orleans, and declares that final executory judgments against such city may be filed and recorded in the city comptroller's office, to be thereafter paid from money set apart in the annual budget, or from the annual estimate for contingent expenses. *Held,* that where relator filed a judgment recovered against such city in the state courts, and thereafter brought suit against the city in the federal court on such judgment, but failed to file the judgment subsequently recovered in the federal courts, he was not entitled to mandamus from the federal court to compel the city officers to include the amount of the judgment in the annual budget of expenses, and to pay the same.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

H. L. Lazarus, for plaintiff in error.

Arthur McGuirk, for defendants in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The case shows that on February 7, 1898, the relator, George P. Kerr, recovered a judgment in the supreme court of the state of Louisiana against the city of New Orleans for the sum of $2,503, with legal interest thereon from September 10, 1892, together with all costs incurred. As stated in the opinion of the supreme court, the judgment rendered was founded upon a contract. City of New Orleans v. Kerr, 50 La. Ann. 414, 23 South. 384, 69 Am. St. Rep. 442. This judgment was duly recorded in the office of the comptroller of the city of New Orleans, in accordance with the provisions of Act No. 5 of the Laws of Louisiana of 1870. On March 13, 1900, Kerr brought a suit in the United States circuit court for the Eastern district of Louisiana on the above-mentioned judgment for the purpose, now alleged, of making it the judgment of the said circuit court, and in said suit Kerr recovered a judgment against the city of New Orleans for the sum of $2,503, with legal interest from September 10, 1892, and for $152.90 costs, with legal

¶ 2. Mandamus to enforce payment of judgment against municipality, see note to Holt Co. v. National Life Ins. Co., 25 C. C. A. 475.

interest thereon from April 5, 1898. This judgment does not appear to have been recorded in the office of the comptroller of the city of New Orleans in accordance with the provisions of Act No. 5 of 1870, Laws of Louisiana. Several efforts were made by Kerr to enforce the payment of the judgment of the circuit court through duly issued writs of fieri facias, under which certain alleged property of the city of New Orleans was seized, but at the suit of the city the seizures were enjoined pendente lite. On December 7, 1901, the relator instituted this suit, wherein, after reciting the several judgments he had obtained, and that the judgment of the supreme court of the state was duly recorded in the office of the comptroller of the city of New Orleans under the provisions of Act No. 5 of the Laws of 1870.; that under the provisions of said act it was the duty of the city council · to appropriate a sum sufficient to pay said judgment from the annual budget; that the said city of New Orleans for the past three years had neglected and refused to make any appropriation out of the revenues of the city for the payment of judgments rendered against the said city; that the city council of the city of New Orleans were about to prepare its budget for the year 1902, and that they will not make any provision for the payment of the same,—he prayed for a writ of mandamus directed to the mayor and the city council of the city of New Orleans ordering them to insert in their budget of appropriations for the year 1902 the sum of $2,503, with 5 per cent. interest from September 10, 1892, and costs, to pay the judgment obtained by relator against the city of New Orleans, and further ordering them to assemble and adopt the budget, etc. To the alternative writ of mandamus obtained in this suit the city of New Orleans made answer, denying the relator's right to the writ upon the grounds, among others, that under the provisions of Act No. 5 of 1870, in effect at the time his cause of action arose, relator is not entitled to mandamus to enforce his judgment, and that the petition discloses no legal or valid cause of action. On these pleadings a trial by jury was waived, and the cause of action submitted to the judge presiding in the circuit court, who found the facts in the case, and denied the writ on the ground of prematurity, in that the city council had not adopted any budget, and because two executions to enforce relator's judgment were outstanding. Act No. 5 of the Extra Session of 1870 in terms denies the power of the courts to issue writs of execution or fieri facias against the city of New Orleans, and prescribes that final executory judgments against the city may be filed and recorded in the office of the city comptroller, to be thereafter paid on proper warrant from any money in the treasury especially designated and set apart for that purpose in the annual budget. The act further provides that, in case the amount of money designated in the annual budget for the payment of judgments against the city of New Orleans shall have been exhausted, the common council shall have power, if they deem it proper, to appropriate from the money set apart in the budget or annual estimate for contingent expenses a sufficient sum to pay the same; but, if no such appropriation be made, then that all judgments shall be paid in

the order in which they shall be filed and registered in the office of the comptroller of the city from the first money next annually set apart for that purpose. As the relator invokes this act to support his present contention, he should show a compliance with the provisions of the same as to the registry of his judgment. See Louisiana v. New Orleans, 102 U. S. 203, 26 L. Ed. 132. The registry with the city comptroller of the judgment of the supreme court of the state cannot be taken as an equivalent to the registry of the subsequently recovered judgment in the circuit court. Except in a few cases provided for by law, the circuit courts of the United States can only issue writs of mandamus in aid of an existing jurisdiction, and when such writs are issued by any circuit court to enforce its own judgment the jurisdiction cannot be enlarged to cover the judgments of other courts. Before the city authorities can be compelled, under Act No. 5 of the Extra Session of 1870, to pay the judgment of the circuit court, that judgment must be filed and recorded in the office of the city comptroller. The relator understood this, for he filed and recorded the judgment of the supreme court of the state, on which the judgment of the circuit court was based. To allow the mandamus herein demanded would either be to use the process of the circuit court to enforce the judgment of the supreme court of the state, or else to excuse the relator from complying with the prerequisites of the law which he invokes, and seeks to have enforced in his own interest. It may be that the recording of the judgment of the circuit court in the office of the city comptroller can be and was waived in this case, but we find no reference thereto in the record, and the answer of the city of New Orleans negatives such waiver.

For the reasons herein given, the judgment of the circuit court is affirmed.