(October 30, 1919.)

## HIGHWAY DISTRICT No. 1 OF FREMONT COUNTY, Appellant, v. FREMONT COUNTY, Respondent.

### [185 Pac. 66.]

CONSTITUTIONAL LAW—HIGHWAY DISTRICTS—BONDS.

> An amendment, while bonds are outstanding, of the law which provides for their issuance, sale and redemption, which does not tend to defeat or postpone any right of the bondholders, is not violative of art. 1, sec. 16, of the constitution of Idaho, nor of art. 1, sec. 10, of the constitution of the United States.

APPEAL from the District Court of the Ninth Judicial District, for Fremont County. Hon. James G. Gwinn, Judge.

Action by highway district to recover taxes collected by county. Judgment for defendant. *Affirmed.*

Otto E. McCutcheon, O. E. McCutcheon, J. H. Richards and R. W. Katerndahl, for Appellant.

The laws in force at the time of the making of the contract are a part of the contract without any express agreement by the parties, and any subsequent law impairing the rights thus acquired impairs the obligations which the contract imposed. (*Bronson v. Kinzie,* 1 How. (U. S.) 311, 11 L. ed. 143; *Hendrickson v. Apperson,* 245 U. S. 105, 38 Sup. Ct. 44, 62 L. ed. 178; 3 Elliott on Contracts, sec. 2763, p. 982; *Edwards v. Kearzey,* 96 U. S. 595, at 607, 24 L. ed. 793, at 799; 6 R. C. L., secs. 337, 338; *Swain v. Fritchman,* 21 Ida. 783, 125 Pac. 319.)

The prohibition has no reference to the degree of impairment—the largest and least are alike forbidden. (*Green v. Biddle,* 8 Wheat. (U. S.) 1, 5 L. ed. 547; *Von Hoffman v. Quincy,* 4 Wall. (U. S.) 535, 18 L. ed. 403; *Walker v. Whitehead,* 16 Wall. (U. S.) 314, 21 L. ed. 357; *In re Opinion of*

*the Justices (In re Bounties to Veterans)*, 186 Mass. 603, 72 N. E. 95.)

State laws which on their face curtail taxing power are void as to existing contracts. (*Scotland County Court v. United States,* 140 U. S. 41, 11 Sup. Ct. 697, 35 L. ed. 351; *Seibert v. United States,* 122 U. S. 284, 7 Sup. Ct. 1190, 30 L. ed. 1161.)

"The obligation of a contract in the constitutional sense is the means provided by law by which it can be enforced; by which the parties can be obliged to perform it. Whatever legislation lessens the efficacy of these means impairs the obligation. If it tend to postpone or retard the enforcement of the contract, the obligation of the latter is to that extent weakened." (*State of Louisiana v. New Orleans,* 102 U. S. 203, 26 L. ed. 132.)

"The constitutional provision against impairing contract obligations is a limitation upon the taxing power as well as upon all legislation whatever power it may assume." (*Murray v. Charleston,* 96 U. S. 432, 449, 24 L. ed. 760, 764.)

No act of the legislature can alter an existing contract to the prejudice of either party. (*King v. President etc. of Dedham Bank,* 15 Mass. 447, 8 Am. Dec. 112; *Rader v. Southeasterly Road District,* 36 N. J. L. 273.)

The question is not whether by legislative alteration of a contract the party is to be injured seriously or only slightly. He has a right to the substance of the contract itself. (*People v. Bond,* 10 Cal. 563.)

C. Redman Moon and H. W. Soule, for Respondent.

"No municipality can acquire contract rights to any particular portion of its revenue, or to any particular assessment or method of assessment, which cannot be controlled, modified, or taken away by the legislature." (8 Cyc. 944.)

"The debt or obligation thus created is not in the nature of a contract obligation entered into by the county, but is a liability imposed by the state on one of its governmental agencies, the payment of which contemplates, and necessarily

requires the exercise of the taxing powers, and this taxing power is governed by constitutional provisions. A county may, therefore, be required by law to apply all or part of its funds to any legitimate purpose, so long as it does not conflict with some constitutional provision." (*Yamhill County v. Foster,* 53 Or. 124, 99 Pac. 286.)

MORGAN, C. J.—In 1911 the legislature enacted a law providing for the organization and government of highway districts. It was provided therein that ninety-five per cent of the taxes assessed and collected for road and bridge purposes in a highway district, and outside of the limits of any included municipality, should be paid to such district. (Sess. Laws 1911, chap. 55, sec. 37.) In 1913 appellant was organized as a public corporation, pursuant to the act of 1911, and issued bonds which were sold and are now outstanding. In 1915 the legislature amended the law above mentioned and provided that of the taxes assessed and collected as aforesaid seventy-five per cent should be paid to the district. (Sess. Laws 1915, chap. 139.)

It appears from the complaint that of the taxes so collected by respondent within the district in 1915, seventy-five per cent, and no more, has been paid to appellant. This action was commenced to recover the difference between that amount and ninety-five per cent of the taxes so collected. The trial judge sustained a demurrer to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action and, appellant having refused to amend, a judgment of dismissal was entered from which this appeal is prosecuted.

Appellant contends that the legislature was without power to so amend the act of 1911 as to reduce its revenues in the manner above mentioned after its bonded indebtedness was created, and insists that the act of 1915 should be construed as if it contained an express clause excepting such obligations from its operation and that, without such a construction, it is violative of art. 1, sec. 16, of the constitution of the state of Idaho, which provides that "no . . . . law impairing

the obligation of contracts shall ever be passed," and art. 1, sec. 10, of the constitution of the United States, providing that "no state shall . . . . pass any . . . . law impairing the obligation of contracts."

The supreme court of the United States, in *State of Louisiana v. City of New Orleans,* 102 U. S. 203, 26 L. ed. 132, said: "The obligation of a contract, in the constitutional sense, is the means provided by law by which it can be enforced; by which the parties can be obliged to perform it. Whatever legislation lessens the efficacy of these means impairs the obligation. If it tends to postpone or retard the enforcement of the contract, the obligation of the latter is, to that extent, weakened."

The funds in question were not dedicated to the payment of the bonds, and it does not appear the legislature contemplated they would be used for that purpose. Sess. Laws 1911, chap. 55, sec. 58 (C. L., sec. 62:58), provides: "The total amount of bonds of any highway district issued and outstanding at any one time shall not exceed ten per cent of the assessed valuation of all the taxable property in said district as shown by the last preceding assessment list." And sec. 62 of that chapter is as follows: "The highway board must, upon the issue of such bonds, by resolution, direct to be levied and must thereafter levy annually upon all taxable property of said district a sufficient sum to pay the interest on all bonds disposed of under this section as it falls due, and after such bonds have been issued for a period of 10 years, they must levy in addition annually a sufficient sum to constitute a sinking fund for the payment of one-tenth of the principal of such bonds. All of such taxes must be levied, assessed and collected as other district taxes until the bonds so issued are fully paid, including the interest thereon."

The bondholders have a right to be paid their money when due and are protected from any change in the law which would defeat it. An amendment which does not tend to defeat or postpone that right is not violative of the constitutional provisions relied on by appellant. (*State of Louisiana*

*v. City of New Orleans, supra; Von Hoffman v. City of Quincy*, 4 Wall. (U. S.) 535, 18 L. ed. 403.)

It is alleged in the complaint "that on account of the reduction of the income and revenue of plaintiff district as aforesaid, as provided by law at the time of the organization of said highway district, and the issuance and sale of said bonds as aforesaid, the power of said highway district to carry on its business, execute the purposes for which it was organized and to keep its contracts with its bondholders, has been substantially impaired; that it has become impossible, as the result of said reduction of revenue, for the plaintiff to keep its said subsisting obligations with holders of bonds and coupons of the said district."

This is the statement of a conclusion rather than the recitation of a fact, and is not the equivalent of an allegation that because of the loss of revenue due to the amendment of the law appellant is unable to raise sufficient funds to pay the principal and interest of the bonds. So long as means remain whereby the bonds will be paid when due, the obligation of the contract has not been impaired, although a higher rate of taxation must be resorted to in order to pay the debt than would have been necessary had the law not been amended. The complaint fails to negative the presumption that sufficient money may be raised for that purpose by compliance with chap. 55, sec. 62, *supra.* The action of the trial judge in sustaining the demurrer is, therefore, approved and the judgment appealed from is affirmed. Costs are awarded to respondent.

Rice and Budge, JJ., concur.